UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN NOE, EILEEN PRUITT on behalf of themselves and all other similarly situated, <br><br> Plaintiffs, <br> -against- <br><br> SMART MORTGAGE CENTERS, INC., RICHARD BIRK and BRIAN BIRK <br><br> Defendants. | Case No.: 1:21-cv-01668 |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS THE AMENDED COMPLAINT**

**TABLE OF CONTENTS**

I. INTRODUCTION ............................................................................................................. 1

II. RELEVANT FACTS AND PROCEDURAL HISTORY ................................................. 1

III. LEGAL ARGUMENT ..................................................................................................... 3

    A. Legal Standard ....................................................................................................... 3

    B. Plaintiffs Allege Sufficiently their Unpaid Minimum Wage Claim ....................... 4

    C. Plaintiffs Allege Sufficient Facts to Support that the Individual Defendants Were Their Employer ....................................................................................................... 5

IV. CONCLUSION ................................................................................................................ 7

**I.      INTRODUCTION**

Defendants' Motion to Dismiss wholly ignores allegations in the Amended Complaint and the applicable pleading standard. As an initial matter, in deciding a motion to dismiss, the Court accepts as true all well-pleaded facts in the complaint. Plaintiffs have expressly alleged facts that support their claim for unpaid minimum wage as well as the individual liability of Richard and Brian Birk. Further, Defendants' insistence that Plaintiff must provide specific dates of unpaid minimum wage or more detail to support that the Birks are individually liable is misplaced. This is not required at the pleading stage.

This is the second time Defendants have filed a motion to dismiss and they now oddly regurgitate the same arguments despite Plaintiffs having filed an Amended Complaint, out of an abundance of caution, that clearly addresses Defendants' initial arguments. First, Defendants inexplicably argue that Plaintiffs fail to plead that their wages ever fell below minimum wage in certain weeks. However, Plaintiffs clearly allege that there were weeks in which they were paid ***nothing***, despite performing work for Defendants. This unequivocally supports that there were weeks in which Plaintiffs' wages fell below minimum wage. Second, Plaintiffs clearly allege that the individual Defendants Richard and Brian Birk had supervisory control over Plaintiffs, created and implemented wage and hour policy and had a material role in Defendants' pay practices. This is sufficient to support claims that Richard and Brian Birk are liable for wage and hour violations as individuals. Accordingly, Plaintiffs' Motion to Dismiss is meritless and should be denied.

**II.     RELEVANT FACTS AND PROCEDURAL HISTORY**

This action is for unpaid wages owed to Plaintiffs Brian Noe and Eileen Pruitt and those similarly situated ("Plaintiffs"), for time they were employed by Defendants as inside sales loan

1

officers.[1] Defendant Smart Mortgage Centers, Inc. ("Defendant Smart Mortgage") misclassified these loan officers as exempt despite them not properly fitting into any legally recognized exemption.[2] Due to this misclassification, Plaintiffs were not paid minimum wage for all hours worked.[3] Specifically, Defendants did not pay Plaintiffs for months upon starting employment, until they began generating commission, for numerous weeks at the beginning of the first quarter of the year, during numerous weeks surrounding holidays and in the late summer. This resulted in multiple weeks where Plaintiffs worked but were paid nothing, or were paid a nominal amount, meaning that their wages fell below minimum wage.[4] In addition, Plaintiffs were not paid overtime for all hours worked in excess of forty (40) hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA") and the Illinois Wage and Hour Laws. Finally, Defendants also improperly deducted their own business costs from loan officers' commissions by requiring Plaintiffs to pay for Defendants' internal staffing needs and made improper deductions from Plaintiffs' gross commissions for alleged loan officer errors.[5]

Richard Birk and Brian Birk ("Individual Defendants"), President and Vice-President of Defendant Smart Mortgage respectively, had the power to and did control loan officer wages and were decision makers in the misclassification and improper payment of loan officers.[6] The Individual Defendants directed and/or participated in the creation and maintenance of Defendants' Wage-Hour policies and practices; were involved in decisions pertaining to employees' compensation; and had a material role in the compensation practices, decisions, policies and actions, including but not limited to those complained of herein.[7]

---

[1] Amend. Compl. ¶¶ 2,7-8.
[2] Amend. Compl. ¶¶ 2, 28-31.
[3] Amend. Compl. ¶ 23.
[4] Amend. Compl. ¶¶ 24-27.
[5] Amend. Compl. ¶ 3-4.
[6] Amend. Compl. ¶¶ 19-20.
[7] *Id.*

2

On March 26, 2021, Plaintiffs filed their Complaint initiating this class/collective action. On April 12, 2021, Defendants filed a Motion to Dismiss based on improper venue, which this Court treated as a Motion to Compel Arbitration. This Court granted the motion as to Defendant Smart Mortgage and compelled Plaintiffs claims against it to arbitration and denied the motion as to Plaintiffs claims against the Individual Defendants. On October 11, 2021, the Individual Defendants filed a Motion to Dismiss and, on November 8, 2021, Plaintiffs filed an Amended Complaint. On November 30, 2021, the Individual Defendants filed a Motion to Dismiss the Amended Complaint based on the same arguments Defendants asserted in their October motion, and despite Plaintiffs' amendments to the Complaint. For the reasons set forth below, Defendants' Motion lacks merit and should be denied.

### III. LEGAL ARGUMENT

#### A. Legal Standard

"A motion to dismiss a complaint for failure to state a cause of action must be denied if the claim has been made out. . . The motion should be granted only in rare instances, ordinarily without prejudice." *State, Dep't of Treasury, Div. of Inv. ex rel. McCormac v. Qwest Commc'ns Int'l, Inc.*, 387 N.J. Super. 469, 479, 904 A.2d 775, 781 (App. Div. 2006) (internal citations omitted.) A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is properly granted only where a plaintiff has failed to state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.* v. *Twombly,* 550 U.S. 544, 570 (2007).

In considering a motion to dismiss, "a court should accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom." *Phillips* v. *County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008). "When a motion challenging the legal sufficiency of a complaint is filed, plaintiff is entitled to a liberal interpretation and given the benefit of all

favorable inferences that reasonably may be drawn. . . . [the Court's] inquiry is limited to examining the legal sufficiency of the facts alleged on the face of the complaint" after an in depth search "made with liberality," to discern whether a cause of action is found, even in "an obscure statement of claim." *State, Dep't of Treasury*, 904 A.2d at 780.

As the standard makes clear, Plaintiffs' burden at this stage is simply to allege facts that support each element of the claims they make against Defendants. As explained below, Plaintiffs have clearly satisfied this burden and Defendants' Motion to Dismiss the Amended Complaint should be denied. In yet another attempt to delay this litigation, Defendants ignore the legal standard and instead use this Motion as another obstruction tactic.

### B. Plaintiffs Allege Sufficiently their Unpaid Minimum Wage Claim

Plaintiffs have plead properly a claim against the Individual Defendants for failing to pay Plaintiffs minimum wage for all hours worked. Plaintiffs have alleged not only that they were not paid minimum wage for all hours worked, but also the specific times of year and occasions when they were not compensated at all for hours worked. Thus, Plaintiffs have clearly set forth allegations that support their unpaid minimum wage claim.

The Fair Labor Standards Act, 29 U.S.C. § 206, reads: "Every employer shall pay to each of his employees who in any workweek is engaged in commerce ... not less than—$7.25 an hour." Plaintiffs are not required to plead specific dates and times that they worked undercompensated hours, they must only "provide some factual context that will nudge their claim from conceivable to plausible." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018) (quoting *Hall v. DIRECTV, LLC*, 846 F.3d 757 (2017) (emphasizing that standard adopted "does not require plaintiffs to identify a particular week in which they worked uncompensated overtime hours," but rather "some factual context that will 'nudge' their claim 'from conceivable to plausible.'")

4

Plaintiffs have certainly satisfied that standard here. Unlike the Plaintiffs in *Hirst*, who only alleged that they worked many hours and cited several weeks in which they *were* paid minimum wage for hours worked, *Hirst*, 910 F.3d at 966, Plaintiffs have specifically alleged the times of the year and specific occasions where they were not compensated at all. Plaintiffs not only identify one workweek in which they were undercompensated, but numerous workweeks where they were not paid at all. This does not leave ambiguity as to whether Plaintiffs were paid less than minimum wage for some of the hours during those weeks. Rather, it cannot be disputed that if Plaintiffs were not paid anything at all for multiple weeks they worked for Defendants, then they were paid well under minimum wage – nothing – on more than one occassion. Plaintiffs are not required to allege the specific date they were underpaid or precise amount they are owed. *See Cho v. Maru Rest., Inc.*, 194 F. Supp. 3d 700, 703 (N.D. Ill. 2016). Accordingly, Plaintiffs have sufficiently alleged their unpaid minimum wage claim and this Court should not dismiss it.

      C.    **<u>Plaintiffs Allege Sufficient Facts to Support that the Individual Defendants Were Their Employer</u>**

Plaintiff has properly alleged that the Individual Defendants were their employer for purposes of the FLSA and Illinois Wage and Hour law. In their Amended Complaint, Plaintiffs allege that the Individual Defendants exercised control and authority over Defendants' wage payment policies and, specifically, how loan officers were paid. This is sufficient to support that the Individual Defendants are jointly liable with Defendant Smart Mortgage for the wage payment violations alleged in the Amended Complaint.

The FLSA statute defines "employer" broadly as "any person acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d). "An individual may be liable under the FLSA when he is an 'employer' and was responsible in whole or in part for the statutory violation." *In Kyu Kim v. Korean News of Chicago, Inc.*, 2017 WL 3034671, at *3 (N.D.

5

Ill. July 18, 2017); *Schneider v. Cornerstone Pints, Inc.*, 2015 WL 12834755, at *1 (N.D. Ill. May 6, 2015), supplemented, 2016 WL 278813 (N.D. Ill. Jan. 15, 2016); *Dominguez v. Quigley's Irish Pub, Inc.*, 790 F.Supp.2d 803, 823 (N.D. Ill. 2011); *Villareal v. El Chile, Inc.*, 776 F.Supp.2d 778, 785 (N.D. Ill. 2011). Moreover, as Defendants point out, the U.S. Supreme Court has "instructed courts to construe the terms 'employer' and 'employee' expansively to effect Congress's remedial intent in enacting the FLSA." *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 326 (1992). The individual liability analysis under the IMLW is materially the same. *Pietrzycki v. Heights Tower Serv., Inc.*, 290 F. Supp. 3d 822, 850 (N.D. Ill. 2017) (holding defendant's president was individually jointly and severally liable with the company for wage and hour violations). In determining individual liability, courts in the Seventh Circuit frequently consider whether the individual is involved in the company's day-to-day operations, whether they supervise and direct employees' work, and whether they have the authority to hire and fire employees. *Id.*

Here, Plaintiffs have expressly alleged that Richard Birk, Defendant Smart Mortgage's President, and Brian Birk, Defendant Smart Mortgage's Vice-President, "controlled, directed and/or participated in the creation and maintenance of Defendants' Wage-Hour policies and practices; [were] involved in decisions pertaining to employees' compensation; and had a material role in the compensation practices, decisions, policies and actions, including but not limited to those complained of herein."[8] Plaintiffs need not allege any more specific instances of the Birks' control over loan officer compensation in its pleading to survive a motion to dismiss. *See Cho v. Maru Rest., Inc.*, 194 F. Supp. 3d 700, 705 (N.D. Ill. 2016) (holding allegations that individual defendant controlled the terms and conditions of plaintiff's employment enough to support individual liability). Rather, they have sufficiently alleged that the Individual Defendants were

---

[8] Amend. Compl. ¶¶ 19-20.

6

responsible through the control they exercised over loan officer compensation, for the wage and hour violations alleged in the Amended Complaint. Accordingly, this Court should deny Defendants' Motion to Dismiss the Amended Complaint.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff has properly set forth allegations that support its claims against the Defendants and provide sufficient detail and notice for the pleading stage. Accordingly, this Court should deny Defendants' Motion to Dismiss and Order Defendants to answer the Amended Complaint.

Dated:  December 22, 2021                           **OFFIT KURMAN, P.A.**

/s/ Katharine T. Batista
Katharine T. Batista, Esq.
Ari Karen, Esq.
1801 Market Street, Suite 2300
Philadelphia, PA 19103
Tel: (267) 338-1319
kbatista@offitkurman.com
akaren@offitkurman.com

Mark E. Christensen, Esq.
Nathan A. Hall, Esq.
Branden Gregory, Esq.
CHRISTENSEN HSU SIPES, LLP
224 South Michigan Avenue, Suite 1300
Chicago, IL 60604
Tel: (312) 634-1014
Email:  mark@chs.law
             nate@chs.law
             branden@chs.law

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on all Counsel of record by the Court's ECF System.

**OFFIT KURMAN, P.A.**

/s/ Katharine T. Batista
Katharine T. Batista, Esq.

Dated: December 22, 2021

4857-9653-2743, v. 1