UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN NOE and EILEEN PRUITT,<br><br>Plaintiffs,<br><br>v.<br><br>SMART MORTGAGE CENTERS, INC., et al.,<br><br>Defendants. | No. 21 CV 1668<br><br>Judge Manish S. Shah |

## ORDER

Defendants' motion to dismiss, [42], is granted in part and denied in part. The Fair Labor Standards Act claims are not dismissed. The request for injunctive relief is dismissed without prejudice. Plaintiffs' response to the motion for sanctions, [58], is due April 19, 2022, and defendants' reply is due May 3, 2022. The court will issue a ruling via cm/ecf. The parties shall file a status report with an update on written discovery progress on March 23, 2022.

## STATEMENT

Plaintiffs Brian Noe and Eileen Pruitt worked as loan officers for defendant Smart Mortgage Centers, Inc. They claim that Smart and two of its officers—Richard Birk and Brian Birk—failed to pay them minimum and overtime wages and deducted money from their commissions in violation of the Fair Labor Standards Act, the Illinois Minimum Wage Act, and the Illinois Wage Payment Collection Act. The Birks filed a motion to dismiss the FLSA claims and plaintiffs' request for injunctive relief.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). The complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a motion to dismiss, a court must construe all factual allegations as true and draw all reasonable inferences in the plaintiffs' favor. *Sloan v. Am. Brain Tumor Ass'n*, 901 F.3d 891, 893 (7th Cir. 2018) (citing *Deppe v. NCAA*, 893 F.3d 498, 499 (7th Cir. 2018)).

Brian Noe and Eileen Pruitt worked as inside sales loan officers, selling residential mortgage loans on behalf of Smart Mortgage Centers, Inc. [39] ¶¶ 2, 7–8.[1] Noe worked for defendants for slightly more than six years, *id.* ¶ 16, while Pruitt was in her position for nine months. *Id.* ¶ 17.

Noe and Pruitt "routinely worked more than 40 hours per week." [39] ¶¶ 7–8, 32. They were paid on commission, and if they failed to earn commissions, were not paid anything. *Id.* ¶¶ 23–24. When Noe and Pruitt began their jobs, they received no compensation until they generated commissions. *Id.* ¶ 25. As a result, in the weeks at the beginning plaintiff's employment, plaintiffs weren't paid anything or "were paid a nominal amount" for their work. *Id.* Noe and Pruitt also were paid nothing or a nominal amount during some weeks in the first quarter of fiscal years, *id.* ¶ 26, around the holidays, and in late summer. *Id.* ¶ 27.

Richard and Brian Birk were the president and vice president, respectively, of Smart. [39] ¶¶ 10–11. Both men controlled the terms of Noe's and Pruitt's work and were authorized to hire and fire the plaintiffs. *Id.* ¶¶ 10–11, 30, 37. The Birks controlled, created, and maintained the corporation's wage-hour policies and practices, decided how wages were calculated and hours were tracked, and participated in decisions about how Noe and Pruitt were compensated. *Id.* ¶¶ 10–11, 19–20, 30, 37.

Plaintiffs filed this putative class action against Smart and the Birks, seeking unpaid minimum and overtime wages and other damages under the FLSA and Illinois's Minimum Wage Act and Wage Payment and Collection Act. [39] ¶¶ 46–56, 61–82. In the complaint's prayer for relief, plaintiffs ask for "injunctive relief for those collective and class members still employed by Defendants against any and all ongoing unlawful employment practices." *Id.* at 20.

Defendants move to dismiss the request for an injunction, and argue that Noe and Pruitt don't have standing for that kind of relief. [43] at 7. An injunction is available under the FLSA to remedy minimum wage and overtime violations, *see* 29 U.S.C. § 217, but Noe and Pruitt must meet the threshold requirements of Article III standing to pursue an injunction. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 101–06 (1983); *Kenseth v. Dean Health Plan, Inc.*, 722 F.3d 869, 890 (7th Cir. 2013) ("[A] plaintiff must demonstrate standing for each form of relief sought.").

To support their request for injunctive relief, plaintiffs point to an injury: harm to current employees at Smart caused by ongoing unlawful employment practices. [39] at 20. But that harm isn't shared by former employees like Noe and Pruitt. *See*

---

[1] Bracketed numbers refer to entries on the district court docket. Page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from the amended complaint. [39].

2

*id.* ¶¶ 16–17; *Divine v. Volunteers of Am. of Illinois*, 319 F.Supp.3d 994, 1002 (N.D. Ill. 2018) (citing *Brown v. Cty. of Cook*, 549 F.Supp.2d 1026, 1032 (N.D. Ill. 2008)). Because plaintiffs must allege an injury to themselves rather than to members of the class they want to represent, they lack standing to seek an injunction. *See Lewis v. Casey*, 518 U.S. 343, 357 (1996); *Doe v. Purdue Univ.*, 928 F.3d 652, 666 (7th Cir. 2019). Noe and Pruitt failed to respond to defendants' argument, *see* [48], and forfeited any arguments against dismissing the request for injunctive relief. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) (citations omitted). The request for injunctive relief is dismissed without prejudice for lack of standing.

Defendants raise two challenges to the FLSA overtime and minimum wage claims. [43] at 4–7. First, they contend that Noe and Pruitt failed to identify any week when plaintiffs weren't properly compensated. *Id.* at 4–5. Second, the Birks argue that they weren't "employers" under the Act. *Id.* at 5–7; *see* 29 U.S.C. § 203(d).

Under the FLSA, employers must pay employees at least the federal minimum wage of $7.25 per hour. 29 U.S.C. § 206. Employees must also receive overtime pay at one-and-a-half times their hourly rate for all hours worked above a forty-hour workweek. 29 U.S.C. § 207. In order to claim a violation of the minimum wage and overtime rules, Noe and Pruitt must "provide sufficient factual context to raise a plausible inference there was at least one workweek in which [they] were underpaid." *Hirst v. Skywest, Inc.*, 910 F.3d 961, 966 (7th Cir. 2018). Plaintiffs aren't required to "plead specific dates and times that they worked undercompensated hours," but must provide enough factual context to show that their claims are plausible. *Id.* (quoting *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017)).

The complaint identifies the six years when Noe worked for Smart and the nine months when Pruitt was an employee there. [39] ¶¶ 16–17. Plaintiffs routinely worked more than forty hours per week, *id.* ¶ 32, and were paid by commission and sometimes "nominal" payments. *Id.* ¶¶ 23, 25–27. Noe and Pruitt claim that they were underpaid at the beginning of their employment, during the first quarter of the fiscal year, around holidays, and in late summer. *Id.* ¶¶ 25–27. Plaintiffs allege that there were some weeks when they received no pay at all. *Id.* ¶ 24.

While Noe and Pruitt could have been more specific about the particular weeks that they were underpaid, their allegations are sufficient to put defendants on notice as to the circumstances of the FLSA claims. *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1215 at 165–73 (3d ed. 2004)) (a claim for relief is meant to give the opposing party fair notice of the claim); *Dobrov v. Hi-Tech Paintless Dent Repair, Inc.*, No. 1:20-CV-00314, 2021 WL 1212796, at *4 (N.D. Ill. Mar. 31, 2021). The allegations about the beginning of plaintiffs' employment, [39] ¶ 25, combined with the fact that Noe and Pruitt routinely worked more than forty hours per week,

*id.* ¶ 32, raise an inference that there was at least one workweek in which Noe and Pruitt didn't receive overtime or the minimum wage. *See Hirst*, 910 F.3d at 966.

Defendants argue that I should dismiss the FLSA claims because plaintiffs didn't allege an hourly wage, total number of hours worked, or total compensation received for any workweek. *See* [43] at 5. But that level of detail isn't required. *See Hirst*, 910 F.3d at 966. The cases that defendants cite are distinguishable because the allegations that plaintiffs "routinely" worked more than forty hours per week, weren't paid overtime, and were never paid minimum wage support an inference that they were underpaid. *See Lundy v. Cath. Health Sys. of Long Island Inc.*, 711 F.3d 106, 114–15 (2d Cir. 2013) (that plaintiff employees "typically" or "occasionally" worked hours that theoretically could have meant they worked more than forty hours in a week wasn't sufficient to state FLSA overtime claims); *Hirst*, 910 F.3d at 966 (employees failed to state FLSA claims where they alleged that they worked many hours and identified weeks where they *were* paid the minimum wage).[2]

Only covered employers are liable for violations of the FLSA. *See* 29 U.S.C. §§ 206–07. An employer under the Act is "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The Seventh Circuit has yet to address the legal test or standard to decide if an individual is an employer under the Act. *See Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987) (Noting, in dicta, that "[t]he word 'employer' is defined broadly enough in the Fair Labor Standards Act ... to permit naming another employee rather than the employer as defendant, provided the defendant had supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation."); *Moldenhauer v. Tazewell-Pekin Consol. Commc'ns Ctr.*, 536 F.3d 640, 644 (7th Cir. 2008) (rejecting a rigid application of the four-factor economic realities test in a case involving the Family Medical Leave Act).

In *Schneider v. Cornerstone Pints, Inc.*, I identified a four-part rule that I believed (and still believe) to be the best way to assess an individual employer's status under the FLSA. *Schneider v. Cornerstone Pints, Inc.*, 148 F.Supp.3d 690, 696–698 (N.D. Ill. 2015). First, to qualify as an employer, a person must act in the interests of an employer in relation to an employee, and must do more than merely supervise. Second, all relevant facts should be considered, including whether the defendant (1) possessed the power to hire and fire the employees; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records. Third, to be an employer, a defendant's conduct must have caused, in whole or in part, the alleged violation. Fourth, the defendant must have actually exercised his authority, at least

---

[2] Defendants assert that plaintiffs were exempt from the FLSA but do not include any argument to support that conclusion as a matter of law. [43] at 5. It is not a basis for dismissal at this stage of the case.

enough to have caused the violation in whole or in part. The bottom line is that I look at all facts surrounding the Birks' supervision of Noe and Pruitt and ask whether defendants exercised control and authority over plaintiffs in a manner that caused the alleged FLSA violations.

The Birks allegedly had the power to hire and fire Noe and Pruitt, control plaintiffs' work, wages, and hours, and were responsible for tracking employee hours. [39] ¶¶ 10–11, 19–20, 30, 37. All four of the economic-realities factors point towards the Birks being employers, and plaintiffs have also alleged that the Birks made the decisions that led to the underpayments in this case. *See id.* ¶¶ 9–10, 30. Defendants acted in the interests of an employer in relation to Noe and Pruitt, and there are allegations that their actions extended beyond supervision to decisions about wages, hours, and compensation policies.

Plaintiffs aren't required to allege details about how defendants supervised their work. *See Dawkins v. NR 1 Transp., Inc.*, No. 20 C 4063, 2021 WL 4125086, at *4 (N.D. Ill. Sept. 8, 2021); *Pfefferkorn v. Primesource Health Grp., LLC*, Case No. 17-CV-1223, 2018 WL 828001, at *10 (N.D. Ill. Feb. 12, 2018). And plaintiffs adequately allege that the Birks exercised their authority in such a way as to have caused the FLSA violations. *See* [39] ¶¶ 10–11, 30. Based on the complaint, Richard and Brian Birk may qualify as employers under the FLSA. *See* 29 U.S.C. § 203(d).

The FLSA claims are not dismissed.

ENTER:

Date:   March 22, 2022

Manish S. Shah
U.S. District Judge

5