UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| BRIAN NOE<br>23824 Pond View Dr.<br>Plainfield, IL 60585<br><br>and<br><br>EILEEN PRUITT<br>2818 Bauer Road,<br>North Aurora, IL 60542,<br><br>on behalf of<br>themselves and all other similarly situated,<br><br>                Plaintiffs,<br><br>-against-<br><br>SMART MORTGAGE CENTERS, INC.<br>4003 Plainfield Naperville Road<br>Naperville, IL 60564<br><br>and<br><br>RICHARD BIRK,<br>4003 Plainfield Naperville Road<br>Naperville, IL 60564<br><br>and<br><br>BRIAN BIRK,<br>4003 Plainfield Naperville Road<br>Naperville, IL 60564<br><br>                Defendants. | Case No.: 1:21-cv-01668 |

**PLAINTIFFS' OPPOSED MOTION FOR CONDITIONAL CERTIFICATION
PURSUANT TO SECTION 216(b) OF THE FLSA AND REQUEST FOR COURT
NOTIFICATION TO**

1

**POTENTIAL CLASS MEMBERS OF OPT–IN RIGHTS AND DEADLINE**

Plaintiffs, by their undersigned counsel, move for an Order certifying a class pursuant to Section 216(b) and approving Court notification to potential class members. This motion is opposed by Defendants Richard Birk and Brian Birk. In addition to the memorandum of law attached to this motion and fully incorporated herein, Plaintiffs state as follows:

1. Plaintiffs filed the original complaint in this matter on March 26, 2021. Subsequently, Plaintiffs filed an Amended Complaint on November 8, 2021.

2. Defendant Smart Mortgage Centers, Inc. (hereinafter, "Smart Mortgage") is in the business of originating mortgages for which it employs loan officers, including Plaintiffs, to provide loan origination services. Defendants Richard Birk and Brian Birk are officers of Smart Mortgage with authority and power to control wages and hours for the putative class members and named Plaintiffs, and to hire and fire Plaintiffs.

3. At all times, Defendants Richard Birk and Brian Birk were employers of Plaintiffs as defined under the Fair Labor Standards Act as a "person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).

4. Defendants have engaged in a company-wide pattern and practice of knowingly failing to comply with the requirements of the Fair Labor Standards Act ("FLSA").

5. This failure to comply with the FLSA includes the failure to pay minimum wage and overtime to loan officers in violation of both 29 U.S.C. § 206(a)(1) and 29 U.S.C. § 207(a)(1).

6. Indeed, Plaintiffs were inside mortgage loan officers who, under the FLSA, are not exempt from minimum wage and overtime. U.S. Dep't of Labor, Wage & Hour Div., Administrator's Interpretation No. 2010-1 (Mar. 24, 2010).

7. The Plaintiffs are similarly situated with all other loan officers employed by Defendants

because all loan officers undertook the same duties and had the same job responsibilities, and all were denied minimum wage and overtime in violation of the FLSA.

8. Under the FLSA, Section 216 (b) (29 U.S.C. § 216(b)), potential plaintiffs are required to opt-in to this lawsuit.

9. Plaintiffs request that the Court conditionally certify the Class pursuant to Section 216(b) and supervise the opt-in notice provision as contemplated by the United States Supreme Court in *Sperling v. Hoffman- LaRoche Inc.*, 493 U.S. 165 (1989) and in other case law cited in Plaintiffs'memorandum.

10. Plaintiffs request that this supervision include approval of the proposed notice setting forth the individuals' opt-in rights and further, that putative plaintiffs cannot be retaliated against by Defendants for opting into the lawsuit.

11. Plaintiffs further request that the Court order that Defendants produce a list of names, last-known addresses, and telephone numbers in electronic form of all Loan Officers employed by Defendants from March 26, 2018 to the present.

12. Plaintiffs will then notify the potential class members and file with the Court all consents to become a party Plaintiff.

13. Plaintiffs also propose that the Court order Defendants to post the Court notice on all employee bulletin boards.

14. Court supervision of the notice is in the interests of justice and will ensure efficient administration of this lawsuit.

15. Plaintiffs do not have access to the names and addresses of the numerous employees of Defendants who have been underpaid in violation of the FLSA. Absent Court notice, Defendants will profit by avoiding any payment obligation to their numerous present and

former employees who have been underpaid pursuant to this illegal scheme.

16. Potential class members are not aware of the anti-retaliation provisions of the FLSA. A Court supervised notice of opt-in will ensure that their rights are protected.

17. Declarants Brian Noe, Eileen Pruitt, Alan Platt, Shian Jno-Lewis, and Tony Yonkus have provided sufficient evidence that Defendants have engaged in a company-wide practice of denying minimum wage and overtime to all similarly situated loan officer employees.

18. In further support of this motion, Plaintiffs have filed a Memorandum of Law in Support with this motion.

WHEREFORE, Plaintiffs respectfully request that this Court certify a Class pursuant to Section 216(b) of the FLSA and further request that all those who file a Consent to Become a Party Plaintiff consistent with the requirements set forth in the proposed Notice to Potential Class Members and Consent to Become Party Plaintiff be permitted to join this lawsuit.

Dated: March 31, 2022                          Respectfully submitted,

                                                 By: /s/ Ari Karen
                                                      Ari Karen
                                                      Mitchell Sandler LLC
                                                      1120 20th Street, NW, Suite 725
                                                      Washington, DC 20036
                                                      Tel: 202-886-5265
                                                      akaren@mitchellsandler.com

                                                      *Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I, Ari Karen, an attorney, certify that I caused a true and accurate copy of the foregoing **Plaintiffs' Opposed Motion for Conditional Certification Pursuant to Section 216(b) of the FLSA and Request for Court Notification to Potential Class Members of Opt-In Rights and Deadline**, to be filed electronically using the Electronic Filing System of the United States District Court for the Northern District of Illinois, on March 31, 2022. Notice of this filing was sent to all counsel who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System on March 31, 2022.

Wilton A. Person
24330 Leski Lane
Plainfield, IL 60585
*wperson@personlaw.com*

***Attorneys for Defendants***

*/s/ Ari Karen, Esq.*