UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN NOE, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SMART MORTGAGE CENTERS, INC., et al., <br><br> Defendants. | No. 21 CV 1668 <br><br> Judge Manish S. Shah |

**ORDER**

Plaintiffs' motion for conditional certification and to facilitate notice of a collective action, [65], is denied.

**STATEMENT**

Plaintiffs Eileen Pruitt and Brian Noe bring an action against Smart Mortgage Centers, Brian Birk, and Richard Birk for failing to pay them minimum and overtime wages in violation of the Fair Labor Standards Act. Plaintiffs move for conditional certification and to facilitate notice of their collective action under 29 U.S.C. § 216(b).

Employees can bring claims through a collective action under the FLSA on behalf of themselves and others who are similarly situated. 29 U.S.C. § 216(b); *see Alvarez v. City of Chicago*, 605 F.3d 445, 448 (7th Cir. 2010). The two goals of collective actions are enforcement and efficiency. *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049 (7th Cir. 2020) (citation omitted). District courts have broad discretion to manage collective actions, *see Alvarez*, 605 F.3d at 449 (citing *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989)), but must be careful to avoid even the appearance of endorsing the suit. *Bigger*, 947 F.3d at 1049 (quoting *Hoffman*, 493 U.S. at 174).

Courts in this district regularly use a two-step conditional certification process to decide whether potential plaintiffs should be notified of their eligibility to participate in and be given an opportunity to opt into a collective action. *In re New Albertsons, Inc.*, No. 21-2577, 2021 WL 4028428, at *1 (7th Cir. 2021) (citing *Ivery v. RMH Franchise Corp.*, 280 F.Supp.3d 1121, 1132–33 (N.D. Ill. 2017)). At step one, plaintiffs must make a modest factual showing to demonstrate that they and

potential plaintiffs were victims of a common policy or plan that violated the law. *See Kujat v. Roundy's Supermarkets Inc.*, Case No. 18 C 5326, 2019 WL 1953107, at *2 (N.D. Ill. May 2, 2019) (quoting *Gomez v. PNC Bank, Nat'l Ass'n*, 306 F.R.D. 156, 173 (N.D. Ill. 2014)); *Jones v. Furniture Bargains, LLC*, No. 09 C 1070, 2009 WL 3260004, at *2 (N.D. Ill. Oct. 9, 2009) (quoting *Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001)). The similarly situated standard is lenient, and typically results in conditional certification. *See Rottman v. Old Second Bancorp., Inc.*, 735 F.Supp.2d 988, 990 (N.D. Ill. 2010) (quoting *Cameron-Grant v. Maxim Healthcare Services, Inc.*, 347 F.3d 1240, 1243 n.2 (11th Cir. 2003)). But if a defendant opposes the issuance of notice and it's undisputed that the proposed recipients entered mutual arbitration agreements, notice cannot be authorized. *See Bigger*, 947 F.3d at 1050.

After a collective action is conditionally certified at step one, the parties conduct discovery. *See Kujat*, 2019 WL 1953107, at *2. Once discovery and the opt-in period close, defendants can move to decertify the collective action, triggering the second step of the FLSA collective inquiry. *See DeMarco v. Northwestern Mem'l Healthcare*, No. 10 C 397, 2011 WL 3510905, at *2 (N.D. Ill. Aug. 10, 2011). In a more rigorous analysis, the court looks again at whether the named and opt-in plaintiffs are similarly situated such that that matter can proceed to trial on a collective basis. *See Kujat*, 2019 WL 1953107, at *2 (quoting *Rottman*, 735 F.Supp.2d at 990); *Salmans v. Byron Udell & Associates, Inc.*, No. 12 C 3452, 2013 WL 707992, at *2 (N.D. Ill. Feb. 26, 2013)). If sufficient similarities aren't present, the court may revoke the conditional certification or subdivide the class. *Salmans*, 2013 WL 707992, at *2 (citations omitted).

In this case, plaintiffs' motion is limited to defendants Brian and Richard Birk. In a previous order—denying defendants' motion for sanctions, [58],[1] and granting in part and denying in part plaintiffs' motion to lift the stay, [77]—I denied plaintiffs' motion for conditional certification and notice, [65], as to the action against Smart. *See* [89] at 4. None of the opt-in plaintiffs contested the fact that they were bound by identical, valid arbitration agreements with Smart, which meant that notice could not issue against that defendant. *See Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1048–51 (7th Cir. 2020).

Six individuals opted into the action without having received formal notice. *See* [16]; [21]; [22]; [23]; [24]; [28]. Noe, Pruitt, and those six opt-in plaintiffs move to certify the action, defining the class as "other employees with whom [plaintiffs] are similarly situated, including all current and former Loan Officers who worked [for] Defendants at any time from March 26, 2018 to the present." [66-1] at 3. Plaintiffs' proposed notice is addressed to loan officers at Smart, describes the lawsuit (naming

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of the filings.

Smart and the Birks as defendants), and informs potential plaintiffs that the terms of their contracts with Smart aren't a bar to joining the suit. *See id.* at 2–3.

Plaintiffs argue that they and similarly situated employees were all victims of the Birks' misclassification of loan officers as exempt from FLSA requirements. *See* [66] at 5–7. Defendants classified plaintiffs as exempt, plaintiffs argue, despite the fact that defendants required loan officers to work unpaid overtime hours and perform non-exempt duties. *See id.* Identical contracts between four plaintiffs and Smart said that loan officers were exempt from the minimum wage and overtime requirements of the FLSA and that Smart would treat them as exempt. *See* [66-8] at 12; [66-9] at 11; [66-10] at 12; [66-11] at 14; [66-12] at 12. Defendants could not produce documents showing the number of hours that loan officers worked (they maintain their position that plaintiffs were exempt from minimum and overtime wage requirements). [66-7] at 3, ¶ 6; *id.* at 23, ¶ 32. Declarations from four plaintiffs (and one former loan officer who isn't currently an opt-in plaintiff),[2] said that loan officers at Smart were paid by commission and weren't paid minimum or overtime wages. *See* [66-2] ¶¶ 1, 5, 7; [66-3] ¶¶ 1, 5–6; [66-4] ¶¶ 1, 4–5; [66-5] ¶¶ 1, 3–4; [66-6] ¶¶ 1, 3–4. Declarants worked primarily from Smart's office or from their homes, and were aware of other Smart employees whom defendants treated as exempt from the FLSA. *See* [66-2] ¶¶ 3, 8; [66-3] ¶ 2; [66-4] ¶¶ 2, 6; [66-5] ¶ 2; [66-6] ¶¶ 2, 5. According to the contracts, the loan officers all had the same responsibilities and duties. *See* [66-8] at 3; [66-9] at 3; [66-10] at 3; [66-11] at 5; [66-12] at 4.

Plaintiffs have made a modest factual showing that similarly situated employees were misclassified as exempt from the FLSA. The loan officers' common job title, the similarities in their contracts (describing their responsibilities and showing that defendants considered loan officers to be exempt from FLSA's requirements), defendants' admissions, and the declarations alleging underpayments are enough to pass the lenient test at step one of the FLSA collective action analysis.[3]

---

[2] Declarant Tony Yonkus consented to join the collective action, [64], but later withdrew his consent. [81].

[3] Whether plaintiffs actually were exempt under the FLSA and whether individualized inquiries are necessary to determine if they were properly classified are questions for the second stage of the collective action analysis. *See Tamas v. Fam. Video Movie Club, Inc.*, No. 11 C 1024, 2013 WL 4080649, at *3–4 (N.D. Ill. Aug. 13, 2013) (gathering cases). Similarly, the timeliness of plaintiffs' claims is appropriately assessed at step two, and isn't a reason to deny plaintiffs' motion now. *See* Fed. R. Civ. P. 8(c)(1) (the statute of limitations is an affirmative defense); *Jirak v. Abbott Lab'ys, Inc.*, 566 F.Supp.2d 845, 849 (N.D. Ill. 2008) (affirmative defenses are assessed at step two); *Dennis v. Greatland Home Health Servs., Inc.*, No. 19-cv-5427, 2022 WL 767228, at *6 (N.D. Ill. Mar. 14, 2022) (same). The cases cited by defendants don't disagree or are distinguishable. The court in *Shiner* conditionally certified a collective action after a plaintiff satisfied the first step of the inquiry. *Shiner v. Select Comfort Corp.*, No. 09 C 2630, 2009 WL 4884166, at *3–4 (N.D. Ill. Dec. 9, 2009). Both *Ruiz v. Serco*, No. 10-cv-394-bbc, 2011 WL 7138732, at *6–7 (W.D. Wis. Aug. 5, 2011) and *Gromek*

While plaintiffs have shown that they were victims of a common employment policy or plan, the notice that they propose would constitute abuse of the collective action device. *See Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989) (Misleading communications made in the collective action context are a form of abuse.); *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 100 n.12 (1981) (same); *Bigger v. Facebook, Inc.*, 947 F.3d 1043, 1049 (7th Cir. 2020) (Notice that predominantly increases settlement pressure is likely abusive, and impermissibly suggests judicial support for the suit at issue.).

It's undisputed that the proposed notice recipients entered into valid arbitration agreements with Smart, which means that notice of the claims against Smart to those employees cannot issue. *See Bigger*, 947 F.3d at 1049–50. Although plaintiffs didn't agree to arbitrate their claims with the Birks, and the enforcement goals of the FLSA favor collective action against those defendants, the notice that plaintiffs want to issue doesn't make clear that potential plaintiffs would be required to arbitrate their claims against Smart, and effectively gives notice of those claims to the employees, increasing settlement pressure. Put differently, plaintiffs' proposed notice doesn't solve the case management problem at issue: how to provide notice to potential plaintiffs of claims against only some of the defendants in this suit without putting a thumb on the settlement scale against Smart. *See Bigger*, 947 F.3d at 1049–50. Unless plaintiffs can fashion some form of notice that will solve this problem, certification of their collective action isn't appropriate.

In addition, since discovery is almost complete, the potential collective size is small, and the parties are on the verge of litigating the merits of the defendants' classification of plaintiffs, it likely would be more efficient to wrap up the parties' fact-gathering and apply the more rigorous second-step analysis before certifying a collective action in this case.

ENTER:

Date: July 15, 2022

                                            Manish S. Shah
                                            U.S. District Judge

---

*v. Big Lots, Inc.*, No. 10 C 4070, 2010 WL 5313792, at *4–5 (N.D. Ill. Dec. 17, 2010) involved potential classes with widely varying job responsibilities, but plaintiffs' contracts say that loan officers at Smart all had the same responsibilities.