UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| BRIAN NOE and EILEEN PRUITT<br><br>on behalf of<br>themselves and all other similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>SMART MORTGAGE CENTERS, INC.,<br>RICHARD BIRK, and BRIAN BIRK,<br><br>Defendants. | Case No.: 1:21-cv-01668 |

**PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS
RESPONSIVE TO PLAINTIFFS' REQUEST FOR PRODUCTION**

Plaintiffs Brian Noe and Eileen Pruitt, as well as opt-in plaintiffs (together, "Plaintiffs"), by and through undersigned counsel, respectfully submit this motion, pursuant to Rule 37(a)(3)(B)(iv) of the Federal Rules of Civil Procedure, to compel Defendants Richard Birk and Brian Birk (collectively "Defendants") to produce documents responsive to Plaintiffs' Request for Production of Documents ("RPDs") Nos. 13, 19, 20, 29, 20, and 31. For the reasons set forth herein, Plaintiffs specifically request that Defendants also be ordered to hire a third-party vendor to conduct the requested email searches and produce the documents and electronically stored information as requested in Plaintiffs' RPDs.

For months, Plaintiffs have attempted to obtain basic documents, including Plaintiffs' wage statements from their former employer, Smart Mortgage Centers, Inc. ("SMC"), who has failed to meet this reasonable request and their discovery obligations. Plaintiffs have sent discovery deficiency letters, had meet and confers, and requested information regarding how the requested

1

document search was performed. At the deposition of Brian Birk, SMC Vice President, it was revealed that: 1) Defendants delete no emails and 2) Defendants conducted *no searches* for Plaintiffs' identified search terms. Defendants must be ordered to produce these documents.

## FACTUAL BACKGROUND

Plaintiffs issued discovery on December 8, 2021, including RPDs to Defendants Richard Birk and Brian Birk ("Birk Defendants"). Pltfs. RPDs to Defs.[1] On January 13, 2022, the Birk Defendants provided objections and responses to Plaintiffs' RPDs. R. Birk Resps. & Objs.[2]; B. Birk Resps. & Objs.[3] Defendants produced an initial forty documents, with very few emails contained as part of the production. With respect to the Requests at issue, the requests and Defendants' responses and/or objections are as follows:

> *Request for Production No. 13:* "All written communications between Defendants and Plaintiffs concerning (a) this action; (b) compensation; (c) timekeeping; (d) overtime; (e) minimum wage; (f) calculation of commissions; and (g) secondary gain."
>
> *Response:* None. [4]
>
> *Request for Production No. 19:* All documents reflecting compensation paid to Plaintiffs. This request includes payroll records, commission statements and any other internal wage records.
>
> *Response:* Objection. Documents are equally available to Plaintiffs and Plaintiffs were provided copies This Request should be directed to Smart Mortgage. Subject to these objections, See Birk 1-40.
>
> *Request for Production No. 20:* All documents and communications pertaining to the payment of wages to loan officers from November 1, 2018 through the present, including but not limited to any emails or text messages.

---

[1] Attached hereto as Exhibit A.
[2] Attached hereto as Exhibit B.
[3] Attached hereto as Exhibit C.
[4] Brian Birk's response is identical for each response. Thus, for brevity, Plaintiffs cite to only Richard Birk's responses and objections.

*Response:* Defendant Richard Birk objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the case given the lack of timeline or restrictions in scope. This request should be directed to Smart Mortgage. Subject to these objections, See Birk 1-40.

*Request for Production No. 29:* All communications concerning "overtime," "minimum wage" the FLSA or "Fair Labor Standards Act" in the context of or pertaining to loan officers and/or loan originators.

*Response:* Defendant objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the case given the lack of timeline or restrictions in scope with respect to loan officer compensation. Further, Defendant objects that the request is too vague and unintelligible to understand and should be directed to Smart Mortgage. Subject to these objections, See Birk 1-40.

*Request for Production No. 30:* All electronic communications during the period of January 1, 2018 to the present that contain the terms "minimum wage" or "overtime" or "FLSA" or "Fair Labor Standards Act" or "Department of Labor" as related to loan officers.

*Response:* Defendant objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the case given the lack of timeline or restrictions in scope with respect to loan officer compensation. Further, Defendant objects that the request is too vague and unintelligible to understand and should be directed to Smart Mortgage. Subject to these objections, See Birk 1-40.

*Request for Production No. 31:* All electronic communications during the period of January 1, 2018 to the present that contain both the terms "commissions" as related to loan officers.

*Response:* Defendant objects to this Request as overly broad, unduly burdensome, and not proportionate to the needs of the case given the lack of timeline or restrictions in scope with respect to loan officer compensation. Further, Defendant objects that the request is too vague and unintelligible to understand as the Request only references one term.

On March 24, 2021, Plaintiffs sent a Deficiency Letter outlining several concerns with the production, and specifically identifying the relevant RPDs that requested email searches and

electronically stored information ("ESI"). Letter from Ari Karen to Wilton Person (Mar. 24, 2022).[5] The Letter explained that the forty pages of documents produced (the majority of the pages containing Plaintiffs' employment agreements) did not satisfy this obligation because no emails were produced at this time. Ex. D at 5. In addition, Plaintiffs requested a description of "how the search for email was conducted, by whom was the search conducted, at what date, whether the search produced any hits, and whether any documents are being withheld on a privilege or work product basis." Ex. D at 6. As Plaintiffs explained, this information "is necessary to determine whether Plaintiffs contest Defendants' ESI discovery production." Ex. D at 6. Defendants responded via letter on March 28, 2022, stating "Regarding your concern as to the ESI production, Richard Birk and Brian Birk can only produce existing documents. I will follow-up again regarding the specific requests and respond by April 4, 2022 at the latest to confirm whether there are any supplemental documents available." Letter from Wilton Person to Ari Karen (Mar. 28, 2022).[6]

After the correspondence, Plaintiffs expected that Defendants would produce all relevant discovery in the matter, including ESI and emails responsive to the search terms requested. Plaintiffs did not have reason to believe that documents were being withheld or that searches were otherwise incomplete at this time. That changed in July of 2022, when Plaintiffs provided to counsel over one hundred screen shots of relevant emails from the Birks or other managers at SMC that had not been produced by Defendants.[7] Plaintiffs produced these screenshots to Defendants and expected that Defendants would produce the original emails, as all were responsive to discovery requests, plus any other responsive communications. Plaintiffs expected that Defendants would produce such documents if they were available as is their ongoing discovery obligation, or

---

[5] Attached hereto as Exhibit D.
[6] Attached hereto as Exhibit E.
[7] Plaintiffs tendered a production on July 20, 2022, containing documents Bates Labeled Pltfs. 0247 to 0341.

4

that there were many reasonable explanations for why such documents had not yet been produced, such as a document retention policy.

At the Birks depositions,[8] Brian Birk was shown several photographs of emails, many of which were sent from Brian Birk to Plaintiffs, that Plaintiffs produced. These emails reflected numerous instances of compensation deductions. Plaintiffs used photographs of the emails only because Defendants had not produced the original documents. Defendants counsel objected, questioning the authenticity of the documents almost every time one was shown to Brian Birk Tr. 19:1-25; 20:1-25; 21:1-25; 26:6-25; 32:8-15; 34:11-20; 35:14-21; 45:11-15, 24-25; 47:10-12, 19-20.[9] Plaintiffs' counsel explained that these documents were requested in discovery, and that Plaintiffs would prefer to use the original emails, but since none were produced, Plaintiffs had to use what was available. Ex. F at 21:5-10; 37:21-25.

Further, SMC offered no logical explanation for why the original emails had not been produced. Brian Birk testified that SMC conducted *zero* searches of their emails for Plaintiffs requested search terms. Brian Birk testified that he did not search the term commissions, minimum wage, or overtime. Ex. F at 60:16-25. Plaintiffs' RPDs clearly requested all documents, including emails containing the followed terms: minimum wage; overtime; FLSA; Fair Labor Standards Act; Department of Labor; and commissions. Ex. A at RPD Nos. 30-31. Brian Birk testified that he searched the term "salary." Tr. 60:24-25. "Salary" was not a requested search term. *See generally*, Ex. A. Moreover, Brian Birk testified that he only searched his own personal emails and did not search the emails of any other custodians. Ex. F at 61:17-25; 62:1-3. Based on the deposition testimony, as well as the several screenshots reflecting the term "commission" appearing in emails

---

[8] The Birks were not deposed until September 29, 2022, due to being rescheduled multiple times to accommodate conflicts of the parties.
[9] Attached hereto as Exhibit F.

5

that Defendants did not produce, it is unequivocal that Defendants responsive documents do not contain all documents that are obviously responsive to Plaintiffs' requests. Further, Brian Birk testified that SMC has never deleted emails, meaning the communications must still be in SMC's possession. Ex. F at 86:2-3.

The day after the deposition, Plaintiffs sent Defendants another discovery deficiency letter. Letter from Arielle Stephenson to Wilton Person, Sept. 30, 2022 (hereinafter "September 30 Deficiency Letter").[10] Plaintiffs' September 30 Deficiency Letter requested the email version of all documents that were produced at Pltfs. 0247 to 0341, and Pltfs. 0354 to 1251.[11] This range includes all the screenshots of emails used in the Birks' depositions. In addition, during their depositions, the Birks indicated that an email breakdown of Plaintiffs commissions were provided for every payroll period. Ex. F at 22:5-9. Accordingly, Plaintiffs requested all email breakdowns of commissions pertaining to all Plaintiffs in the case and not only Ryan Klaic. Ex. G. at 2. Finally, Plaintiffs requested that Defendants review whether all responsive documents as to all Plaintiffs regarding the request numbers above had been produced. Ex. G at 2. The September 30 Deficiency Letter also refers to the testimony obtained the day before, on September 29, 2022, revealing that no email searches had been conducted and requesting the same. Ex. G at 3. On October 5, 2022, Defendants responded stating "there are still no responsive documents to the referenced search terms and all of my clients' answers regarding the specific ESI search questions remain the same." Letter from Wilton Person to Arielle Stephenson (Oct. 5, 2022).[12] The response continues, "I will carefully review your requests referenced in your September 30, 2022 letter to determine if there are any additional documents responsive[.]" Ex. H. Defendants October 5, 2022

---

[10] Attached hereto as Exhibit G.
[11] This was a supplemental production that included additional emails from Plaintiffs.
[12] Attached hereto as Exhibit H.

response indicated no additional emails would be produced per Plaintiffs request. Ex. H. Plaintiffs' counsel met and conferred with Defendants' counsel on October 25, 2022, and Defendants counsel stated that he does not believe Plaintiffs are owed any further documents, and the parties disagreed as to the relevant time frame. Plaintiffs' counsel explained that they specifically requested the original versions of all exhibits used in the deposition, and of emails screenshots produced. Defendants' counsel articulated that the information is in Plaintiffs' possession. At the end, Plaintiffs could not obtain a firm commitment that Defendants would produce any further documents.

## **STANDARD OF REVIEW**

The Federal Rules of Civil Procedure ("FRCP") provide courts with broad discretion in resolving discovery disputes. *Bobkoski v. Board of Educ. of Cary Consol. School Dist. 26*, 141 F.R.D. 88, 90 (N.D. Ill. 1992). FRCP 34 permits a party to serve on another a party a request for production of documents. FRCP 34(B)(2)(b) states that the production of responsive documents "be completed no later than the time for inspection specified in the request or another reasonable time specified in the response." FRCP 37 permits a party to move for an order compelling the answer to discovery requests and the production of responsive documents in accordance with FRCP 34. FRCP 37 provides that a party may seek to compel discovery when, as here, a responding party fails or refuses to provide requested documents or information. Fed. R. Civ. P. 37(a)(3)(B)(iv).

A motion to compel discovery is granted or denied at the discretion of the trial court. *Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 611 (N.D. Ill. 2001) (citing *Wilstein v. San Tropai Condominium Master Ass'n*, 189 F.R.D. 371, 375 (N.D. Ill. 1999)). When ruling on a motion to compel discovery, "courts have consistently adopted a liberal interpretation of the discovery rules." *Id*. "Mutual

knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Donnelly v. NCO Fin. Sys.*, 263 F.R.D. 500 (N.D. Ill. 2009) (citations omitted).

## **ARGUMENT**

The parties have attempted to resolve this dispute, to no avail, warranting review from the Court. The requested documents are highly relevant documents at the heart of the case and Defendants failed to conduct the required searches and produce the highly relevant, responsive documents As a result, Plaintiffs find it necessary that an eDiscovery vendor be used to perform the requested searches. Finally, fees and costs should be awarded to Plaintiffs as afforded in the Federal Rules of Civil Procedure.

**I.  Plaintiffs Have Satisfied the Meet and Confer Requirement in the Local and Federal Rules, and the Court's Standing Order**

FRCP 37(a)(2)(B) requires parties to meet and confer, in a good faith effort to resolve discovery disputes before filing a motion to compel with the court. Fed. R. Civ. P. 37(a)(2)(B). Similarly, Local Rule 37.1 provides that "the Court may deny any discovery motion . . ., unless counsel for the moving party files with the Court, at the time of filing the motion, a separate statement showing that the attorney making the motion has made a reasonable effort to reach agreement with opposing attorney(s) on the matter(s) set forth in the motion." In addition, this Court's standing order on discovery motions requires the parties to report the names of the participants, date, length of time, and place/manner of the required discovery conference.

As required by the aforementioned rules, attorneys for Plaintiffs have conferred in good faith with the attorney for the Defendants regarding the nature of this Motion and its legal basis and attempted to narrow the scope of the issues before this Court as evidenced through Plaintiffs' two deficiency letters to Defendants sent on March 24, 2021 and September 30, 2022 and

8

Defendants' response on October 5, 2022. Ex. D; Ex. G; Ex. H. Further, Plaintiffs' counsel engaged in a telephone call with Defendants counsel on October 25, 2022 regarding this dispute and attempted to avoid the need for bringing such motion. The names of the telephone call participants were Arielle Stephenson on behalf of Plaintiffs, and Wilton Person on behalf of Defendants. The meet and confer lasted approximately fifteen minutes and the parties discussed Plaintiffs' September 30 Deficiency Letter, Defendants Response, and whether additional documents would be produced. Defendants did not commit to producing additional documents as requested. The parties were not able to come to a resolution, and thus Plaintiffs seek relief from the Court.

Plaintiffs' efforts clearly identified all requests the Plaintiffs request responses to, identified and responded to Defendants' objections, and advised that a motion to compel may be necessary. Ex. D; Ex. G. Plaintiffs phone call with Defendants attempted to ascertain whether documents would be produced, and no clear answer was provided, nor have documents been produced.

## II. **The Requested Discovery is Highly Relevant**

The proponent of a motion to compel must satisfy their burden to show that the information sought is relevant. *West v. Miller*, No. 05 C 4977, 2006 WL 2349988, at *2 (N.D. Ill. Aug. 11, 2006) (citations omitted). A request for discovery "should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action." *AM Intern., Inc. v. Eastman Kodak Co.*, 100 F.R.D. 255, 257 (N.D. Ill. 1981). The information sought from Defendants includes emails and ESI that concern minimum wage, overtime, commissions paid, and the FLSA. Ex. A at RPD Nos. 13, 19, 20, 29, 20, and 31. This case involves the Fair Labor Standards Act and specifically claims for unpaid minimum wages and overtime wages, as well as improper deductions, which are reflected in the emails documenting Plaintiffs commission

9

breakdowns, thereby clearly making these documents relevant and discoverable. *See* Plaintiffs' First Amended Compl., ECF No. 39. Further, Plaintiffs have *never* objected to these requests as non-relevant, nor made such argument in response to the deficiency letters or in the telephone meet and confer. Ex. B; Ex. C; Ex. H. The relevance of the requested emails is further highlighted by the fact that photographs of them were key exhibits at the Birks' depositions. Ex. F at Exs. 7-13. The emails prove that Defendants were taking numerous deductions from Plaintiffs' wages.

### III. Defendants Failed to Conduct the Required Searches and Produce Requested Documents

Defendants' admission that no required searches were completed entitles Plaintiff to the reasonable relief sought; a requirement that an independent third-party vendor perform the requested searches and produce the requested emails. Moreover, Plaintiffs knowledge that insufficient documents were produced warrants granting the remainder of the motion to compel.

#### A. There is No Applicable Objection to the Requests for Production at Issue

Once the moving party establishes that the discovery is relevant, the burden shifts to the objecting party to show why a particular discovery request is improper. *Meyer v. S. Pac. Lines*, 199 F.R.D. 610, 612 (N.D. Ill. 2001); see also *E.E.O.C. v. Klockner H & K Machines, In*c., 168 F.R.D. 233, 235 (E.D. Wis. 1996). Defendants have not produced these documents regardless of Plaintiffs' multiple good faith attempts to show Defendants why these documents are relevant and discoverable. Defendants have made no attempts to show that these documents are privileged or otherwise undiscoverable, beyond boilerplate objections, which are disfavored, and this Court's standing order.[13] *Crespo v. Amtrak*, No. 2:19-CV-275-JTM-JEM, 2021 U.S. Dist. LEXIS 67529 (N.D. Ind. Apr. 7, 2021) (collecting cases) Thus, any argument regarding the relevancy of such

---

[13] This Court's standing order on discovery motions provides: "Parties are advised that the Court will not sustain an objection that a particular request is 'burdensome' without specific information from knowledgeable sources regarding the amount and nature of the effort required to comply with the request, and the number of documents likely to be generated by compliance."

documents would be deemed waived. *See Buonauro v. City of Berwyn*, No. 08 C 6687, 2011 WL 116870, at *4 (N.D. Ill. Jan. 10, 2011) ("It is well-established that the failure to [raise objections to discovery requests] in a timely manner waives a subsequent assertion of objections in the absence of good cause.")

### B. A Third-Party Vendor Is Necessary to Ensure the Requested Searches are Completed

Defendants conduct, and insistence that their conduct is proper, is far beyond other cases before this Court where motions to compel discovery were granted. Further, Defendants have made clear through their conduct and testimony that without the assistance of a third party to search and produce responsive documents, they are either not capable or not willing to satisfy their discovery obligations. Accordingly, the required use of an eDiscovery vendor here is appropriate.

In *Bookxchange FL, LLC v. Book Runners, LLC*, this Court granted a motion to compel requested emails and ESI where the movant demonstrated the searches performed were inadequate. No. 19 C 506, 2020 U.S. Dist. LEXIS 223083, at *12 (N.D. Ill. Nov. 30, 2020). In *BookXchange*, plaintiffs were required to conduct searches of documents by specifically requested keywords, yet after the production of documents, defendants provided one document located through other means containing the requested search terms that was not produced in discovery. *Id*. at *9. The Court found this was a sufficient basis to grant the motion to compel and ordered subsequent searches and production of documents. *Id*. at *12. In addition, Courts have granted requests for an eDiscovery vendor to conduct email searches when there are concerns regarding Defendants ability to tender a complaint production. For example, in *Hanks v. Aminokit Labs., Inc.*, the court noted that due to the "self-confessed problems with defendant's archived emails, defendant will be required to use a third-party vendor to perform the search of the emails of the individual chosen by plaintiffs." No. 17-cv-01108-RM-MJW, 2018 WL 6428268, at *6 (D. Colo. June 29, 2018);

11

*see also Johnson v. USANA Health Scis., Inc.*, No. 2:17-cv-00652-RJS-DBP, 2021 WL 2292277, at *2 (C.D. Utah June 4, 2021) (ordering an eDiscovery vendor to conduct searches for relevant emails due to concerns about the "adequacy of the search for relevant emails.").

Here, Brian Birk testified that none of the requested searches were conducted. Ex. F at 60:16-25. And further, there is no question that such searches would yield responsive results; Plaintiffs showed Brian Birk during his deposition several screenshots of emails that contain the requested search term "commission" that *Plaintiffs* produced in discovery. Ex. F at Exs. 7-9. However, Plaintiffs are entitled to the native email document, which are not in Plaintiffs possession. Defense Counsel cannot object to the use of photographs of the original emails, but then refuse to provide the original emails after Defendants have made clear that they are still in their possession. This would allow Defendants to prevent Plaintiffs from using evidence they know exists and contemporaneously refuse to provide admissible evidence. Moreover, Defendants have confirmed that their production is incomplete outside of the failure to produce the photographed emails as evidenced by the Vice-President, Defendant Brian Birk's own testimony. According to Brian Birk, Plaintiffs were paid bi-weekly, Ex. F at 9:18-25; 10:1-6, and an email breakdown of the commission was provided every two weeks. Ex. F at 22:5-19. Thus, the commission records would be far more voluminous that what has been provided, which is only certain emails reflecting commissions from 2019-2021. There were only approximately forty emails provided, which is far less frequent than payment every two weeks from 2019 to 2022, and insufficient as plaintiffs requested all payroll records while Plaintiffs were employed. Ex. A at RPD. Nos. 13, 19.

Such facts are far stronger than *Bookxchange*, warranting an order that a vendor be required to perform such searches. In fact, Courts have ordered this relief in similar instances. In the present case, Plaintiffs possess screenshots of emails from the relevant time period containing search

12

words requested. Therefore, similar to *Bookxchange*, Plaintiffs have knowledge of the existence of materials not produced. Plaintiffs drafted a very typical and very reasonable request and Defendants have nevertheless failed to cooperate. Further, the facts are stronger than in other cases where the court has ordered an eDiscovery vendor to search and produce documents as in *Hanks and Johnson*, the defendants had at least shown an effort to perform some of the email searches. 2018 WL 6428268, at *6; 2021 WL 2292277, at *2. Such effort is absent here. Plaintiffs are rightfully concerned about the method of searching, the adequacy of documents produced, and as such, an eDiscovery vendor is warranted.

Moreover, Plaintiffs are in possession of and have produced screenshots of emails reflecting that Defendants have neglected their discovery obligations as to other requests. While RPD No. 13 does not necessarily impose a search term, it clearly requests all written communications, which are defined to include emails, concerning "compensation," and "calculation of commissions." Ex. A at RPD No. 13. Defendants did not object to this request. Ex. A at RPD No. 13. Defendants also responded that no responsive documents exist. Ex. A at RPD No. 13. Plaintiffs have attached Pltfs. 0308,[14] 0268,[15] 0261,[16] 0262,[17] which are all responsive to this request as they concern communications from SMC personnel to Plaintiffs regarding their compensation and/or calculations of their commissions.

### IV. **Plaintiffs Are Entitled to Fees and Costs in Connection with Bringing This Motion to Compel**

FRCP 37(a)(5) provides that where a discovery motion is granted, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . .

---

[14] Attached hereto as Ex. I.
[15] Attached hereto as Ex. J.
[16] Attached hereto as Ex. K.
[17] Attached hereto as Ex. L.

. to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." While there are exceptions to this requirement, such as "circumstances make an award of expenses unjust," none apply here. Fed. R. Civ. P. 37(a)(5)(A), (a)(5)(A)(iii). Plaintiffs have made a diligent effort to obtain these documents, exchanged several letters and emails over the matter, engaged in a meet and confer, and seek documents that are reasonable and undoubtedly related to the core of their claims. Clear testimony from Defendant Richard Birk that no searches were performed, and Defendants insistence that no further documents exist when Plaintiffs have proof otherwise, warrants the imposition of attorneys' fees.

## CONCLUSION

Defendants' behavior throughout the discovery process has fallen below the expectations of the federal rules, local rules, and case law. Plaintiffs are entitled to essential documents such as original emails reflecting wages paid and deductions taken in a case alleging issues with such wages and deduction practices. For the foregoing reasons, Plaintiffs respectfully request this Court grant this motion to compel responses to RPD Nos. Nos. 13, 19, 20, 29, 30, and 31, and further, be ordered to hire a third-party vendor to conduct the requested email searches and produce the documents and electronically stored information as requested in Plaintiffs' RPDs.

Dated: November 11, 2022                 Respectfully submitted,

By: */s/ Katharine Thomas Batista*

Ari Karen (*pro hac vice*)
Katharine Thomas Batista (*pro hac vice*)
Arielle Stephenson (*pro hac vice*)
Mitchell Sandler LLC
1120 20th Street, NW, Suite 725
Washington, DC 20036
Tel: 202-886-5265

14

 akaren@mitchellsandler.com
 kbatista@mitchellsandler.com
 astephenson@mitchellsandler.com

 *Attorney for Plaintiffs Brian Noe, Eileen Pruitt, and Opt-In Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 11, 2022, a copy of the foregoing **PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RESPONSIVE TO PLAINTIFFS' REQUEST FOR PRODUCTION** was electronically filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division by using the Court's CM/ECF system.

I further certify that on November 11, 2022, all interested parties by their counsel of record, were electronically served on this date via the CM/ECF system.

                                                */s/ Katharine Thomas Batista*
                                                Katharine Thomas Batista