# EXHIBIT L

UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

|  |  |
|---|---|
| BRIAN NOE<br><br>and<br><br>EILEEN PRUITT<br><br>on behalf of<br>themselves and all other similarly situated,<br><br>     Plaintiffs,<br><br>-against-<br><br>SMART MORTGAGE CENTERS, INC.<br>and<br><br>RICHARD BIRK,<br><br>and<br><br>BRIAN BIRK,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.: 1:21-cv-01668<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PLAINTIFF STEPHANIE PICHARDO'S RESPONSES TO DEFENDANTS RICHARD BIRK AND BRIAN BIRK'S FIRST REQUEST FOR ADMISSIONS**

  Plaintiff Stephanie Pichardo ("Plaintiff"), by and through her undersigned counsel, submits the following responses to Defendants Brian Birk and Richard Birk's ("Defendants") First Set of Interrogatories.

**PRELIMINARY STATEMENT**

  The responses and objections set forth below are based upon information currently known and reasonably available to Plaintiff at this time. Plaintiff's ongoing discovery, analysis, and investigation may disclose the existence of additional facts, add meaning to known facts, and/or

1

support entirely new legal or factual contentions, and may lead to additions or modifications to these responses. Accordingly, Plaintiff reserves the right, at any time, to amend, revise, correct, add to, supplement, modify, or clarify the specific objections or responses set forth below or the information disclosed therein. Plaintiff further reserve the right to make use of, or introduce in any hearing or at trial, information not currently known to exist, including, but not limited to, information obtained in the course of discovery as may be required under the Federal Rules of Civil Procedure.

## **GENERAL OBJECTIONS**

Plaintiff makes the following general objections, whether or not separately set forth in response to each Interrogatory.

1. Plaintiff objects to the Interrogatories in their entirety as the Interrogatories in aggregate contain more than the "25 written interrogatories, including all discrete subparts," permitted by the Federal Rules of Civil Procedure, Rule 33(a)(1), and Defendants have not sought leave to serve additional interrogatories.

2. Plaintiff objects to the Interrogatories to the extent that they conflict with, are different from, or purport to expand upon, the obligations imposed or authorized by the Federal Rules of Civil Procedure.

3. Plaintiff objects to the Interrogatories to the extent they call for information and/or documents that are not relevant to any party's claims or defenses and are not reasonably calculated to lead to the discovery of admissible evidence.

4. Plaintiff objects to the Interrogatories to the extent they are vague and ambiguous, overbroad, not reasonable, and/or unduly burdensome; are unreasonably cumulative and/or duplicative of other Interrogatories; are inconsistent with the ordinary and customary meaning

of the words or phrases they purport to define; include assertions of purported fact that are inaccurate or are disputed by the parties; and/or incorporate any other purported definition that suffers from such defects.

5. Plaintiff objects to the Interrogatories to the extent they contain subparts or a compound, conjunctive, or disjunctive question.

6. Plaintiff objects to the Interrogatories to the extent they seek information and/or documents in the possession, custody, or control of the Defendants, or otherwise publicly-available information that is equally accessible to Defendants as to Plaintiff.

7. Plaintiff objects to the Interrogatories to the extent they seek information and/or documents protected by the attorney-client privilege, the work-product doctrine, and/or any other applicable privilege, protection, or immunity. Nothing contained in Plaintiff's responses to the Requests is intended to be, or in any way should be deemed to be, a waiver of any such privilege or immunity. Any inadvertent production of documents or information protected by the attorney-client privilege, prepared in anticipation of litigation or trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or other basis for objecting to the production of such material or its subject matter. Plaintiff expressly reserves the right to object to the use or introduction of such documents or information or otherwise to seek the return of such documents and information.

8. Plaintiff objects to the Interrogatories to the extent they purport to require an admission of a legal conclusion or are predicated on legal conclusions or arguments. By responding to the Interrogatories, Plaintiff does not concede that any information requested is relevant to this action or admissible at trial. Plaintiff expressly reserves the right to object to further discovery on the subject matter of any of these Interrogatories.

**RESPONSES TO INTERROGATORIES**

**INTERROGATORY 1:**

Please state the full name of the person answering, your employer, your current business address, your title, whether you hold any professional licensure, and where and in what field you hold professional licensure:

**PLAINTIFF'S RESPONSE TO INTERROGATORY 1:**

Plaintiff objects to this Interrogatory because it is improperly compound and contains multiple (7) subparts, the undefined term "field" is vague and ambiguous. Plaintiff further objects to the Interrogatory as overbroad to the extent it is not limited to persons with substantive involvement in this response. Plaintiff further objects to the Interrogatory on the grounds that it calls for information protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privilege, and seeks information that is not relevant to any party's claims or defenses. Subject to and without waiving the objections set forth herein, Plaintiff states that counsel prepared the objections to the Interrogatories, and the following individual provided answers or information: Stephanie Pichardo.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Stephanie Pichardo; St. Jude Catholic School; 2204 Mcdonough St, Joliet, IL 60436; teacher; none.

**INTERROGATORY 2:**

What was your title at Smart Mortgage Centers, Inc.?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 2:**

Plaintiff objects to the Interrogatory as the information sought in this discovery request is equally available to Defendants and the undefined term "title" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Loan officer.

**INTERROGATORY 3:**

Did you supervise or direct any Smart Mortgage Center, Inc. employees while you were employed with Smart Mortgage Centers, Inc.?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 3:**

Plaintiff objects to this Interrogatory because it is improperly compound, the information sought in this discovery request is equally available to Defendants and the undefined terms "supervise" and "direct" are vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

No.

**INTERROGATORY 4:**

Did you have the authority to file complaints against Smart Mortgage Centers, Inc. employees or request the termination of any Smart Mortgage Centers, Inc. employees while you were employed with Smart Mortgage Centers, Inc.?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 4:**

Plaintiff objects to this Interrogatory because it is improperly compound, the information sought in this discovery request is equally available to Defendants, the undefined terms "authority" and "request" are vague and ambiguous, and the Interrogatory calls for Plaintiff to speculate.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff recalls that a complaint process for sexual harassment was available. For other types of complaints, there was no formal complaint system or process to request termination of another employee. Plaintiff did not have the authority to request termination of another employee.

**INTERROGATORY 5:**

How many hours per week did you spend working in the Smart Mortgage Centers, Inc. office located at 4003 Plainfield Naperville Road, Naperville, Illinois 60564 or a home office location when you were an employee with Smart Mortgage Centers, Inc.?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 5:**

Plaintiff objects to this Interrogatory because it is improperly compound and the information sought in this Interrogatory is equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff worked approximately 30 to 40 hours per week in the physical office or from a home office. Plaintiff's hours varied from week to week. Plaintiff further states that for some weeks, Plaintiff was not given enough leads to fill a full-time schedule and therefore fell below working 40 hours.

**INTERROGATORY 6:**

What percentage of time did you spend at the Smart Mortgage Centers, Inc. office located at 4003 Plainfield Naperville Road, Naperville, Illinois 60564 when you were working with Smart Mortgage Centers, Inc.?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 6:**

Plaintiff objects to this Interrogatory because the information sought is equally available to Defendants and the Interrogatory is vague and ambiguous as written.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff primarily worked in the Smart Mortgage physical office. Plaintiff further states she would take calls as they came in from home, but most of her work was performed in person, in the physical office. Plaintiff rarely worked outside of her physical office or home office.

**INTERROGATORY 7:**

How many total hours are you claiming that you worked per week at Smart Mortgage Centers, Inc.'s office located at 4003 Plainfield Naperville Road, Naperville, Illinois 60564

**PLAINTIFF'S RESPONSE TO INTERROGATORY 7:**

Plaintiff objects to this Interrogatory because the information sought is equally available to Defendants and the undefined terms "total" and "claiming" are vague and ambiguous as written.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Plaintiff incorporates her responses to Interrogatories 5-6.

**INTERROGATORY 8:**

Did you record the hours and report the hours that you worked to anyone while working at Smart Mortgage Centers, Inc.?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 8:**

Plaintiff objects to this Interrogatory because it is improperly compound, the information sought is equally available to Defendants, the undefined terms "record" and "report" are vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

No, there was no mechanism, requirement or process for logging hours worked.

**INTERROGATORY 9:**

Did anyone at Smart Mortgage Centers, Inc. tell you that you were expected to record and report your hours that you worked to anyone while working at Smart Mortgage Centers, Inc.?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 9:**

Plaintiff objects to this Interrogatory because it is improperly compound, the information sought is equally available to Defendants, the undefined terms "expected," "record" and "report" are vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

No.

**INTERROGATORY 10:**

Did anyone at Smart Mortgage Centers, Inc. tell you that you were expected to spend a certain amount of time outside of the Smart Mortgage Centers, Inc. office located at 4003 Plainfield Naperville Road, Naperville, Illinois 60564.

**PLAINTIFF'S RESPONSE TO INTERROGATORY 10:**

Plaintiff objects to this Interrogatory because the information sought is equally available to Defendants, the undefined phrase "tell you" and undefined term "expected" are vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

No.

**INTERROGATORY 11:**

Do you recall signing a Loan Officer Retention Agreement or any other agreement in which you agreed that any of following duties would be your job duties and responsibilities:

a) Employee's primary duty shall be the selling of mortgage loan products offered by Employer;

b) Employee shall meet with prospective borrowers, in person, to sell the mortgage loan products offered by Employer;

c) Employee shall be responsible for originating Employee's own sales by contacting

prospective borrowers and by developing and maintaining referral sources;

d) Employee is expected to, and shall, spend a significant amount of time away from Employer's place of business in performing Employee's primary duty of selling the mortgage loan products offered by Employer;

e) Employee is expected to, and shall, meet with prospective borrowers at locations other than Employer's place of business, such as at the prospective borrower's home or other location away from Employer's place of business;

f) Employee's contact with prospective borrowers by telephone, mail or e-mail shall be adjunct to in-person contact with the prospective borrowers;

g) Employee shall obtain credit information and other necessary information and documentation from prospective borrowers for the loan application process;

h) Employee shall make in-person calls on real estate agents and brokers, financial advisor, and other potential referral sources to develop borrower leads;

i) Employee may also engage in marketing and promotional activities in support of Employee's own sales;

j) Employee shall have considerable flexibility in setting employee's own working hours and scheduling the tasks Employee performs during the work day;

k) Employee is expected to, and shall, customarily and regularly be engaged away from Employer's place of business;

l) Employee may spend some time in Employer's office taking loan applications, attending meetings, completing paperwork, preparing marketing and sales materials in support of Employee's own outside sales efforts; and

m) Additional tasks that may be performed at Employer's place of business may

include checking and updating databases of loan products for sale and referral sources; calling, writing, or e-mailing borrowers or prospective borrowers with whom Employee has been dealing during Employee's outside sales activities; talking to borrowers or prospective borrowers in the office about their particular loan transaction; calling, writing, or e-mailing prospective borrowers or prospective referral sources with whom Employee may not have had prior contact; and preparing loan applications and other forms of loans initiated or negotiated by Employee during Employee's outside sales activities.  Employer's place of business shall mean and include any office of Employer, as well as any fixed site, whether home or office, used by Employee as headquarters or for electronic or telephonic solicitation of sales, regardless of whether Employer is the owner or tenant of the property.

**PLAINTIFF'S RESPONSE TO INTERROGATORY 11:**

Plaintiff objects to this Interrogatory because it is improperly compound. Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Yes, I recall signing an agreement that indicated at least one of the listed functions were duties of the job, although many of those duties were not in fact actual requirements of the position, and/or were inconsistent with the instructions and expectations communicated to me by the owners and managers of the Company.

**INTERROGATORY 12:**

Have you ever earned overtime pay while working as a loan officer receiving commission pay with any employer?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 12:**

Plaintiff objects to this Interrogatory because the information sought is not relevant to any party's claims or defenses, is invasive, and is not likely to lead to the discovery of admissible evidence. Plaintiff's compensation history for her entire career as a loan officer is not relevant to this case in any manner.

**INTERROGATORY 13:**

While an employee at Smart Mortgage Centers, Inc, did you sign any agreements with Smart Mortgage Centers, Inc. that outlined how you would be paid?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 13:**

Plaintiff objects to this Interrogatory because the information sought is equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Yes.

**INTERROGATORY 14:**

Did you tell anyone at Smart Mortgage Centers, Inc. that you thought you should be paid overtime while you were an employee at Smart Mortgage Centers, Inc.?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 14:**

Plaintiff objects to this Interrogatory because the information sought is equally available to Defendants.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

No.

**INTERROGATORY 15:**

How many hours per week did you spend outside Smart Mortgage Centers, Inc.'s office located at 4003 Plainfield Naperville Road, Naperville, Illinois 60564 working on behalf of Smart Mortgage Centers, Inc.?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 15:**

Plaintiff objects to this Interrogatory because it is vague and ambiguous. Plaintiff has stated they worked from Smart Mortgage's physical office as well as their home office. This Interrogatory does not clarify whether the term "outside" references activities outside the home or corporate offices or simply away from the corporate offices.

Subject to and without waiving the foregoing objections, Plaintiff incorporates her response to Interrogatories 5-7. Plaintiff further states performing work for Smart Mortgage outside the physical office was so rare, that she cannot estimate a number of hours per week.

**INTERROGATORY 16:**

Did you ever attend real estate closings or residential open houses in person while an employee at Smart Mortgage Centers, Inc? If so, please list the approximate number of hours per week.

**PLAINTIFF'S RESPONSE TO INTERROGATORY 16:**

Plaintiff objects to the Interrogatory on the grounds that it is improperly compound.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

No.

**INTERROGATORY 17:**

Please list any and all networking organizations that you belong to and the number of hours per week that you participate in these organizations per week at locations outside of Smart Mortgage Center, Inc's office located at 4003 Plainfield Naperville Road, Naperville, Illinois 60564.

**PLAINTIFF'S RESPONSE TO INTERROGATORY 17:**

Plaintiff objects to this Interrogatory because it is improperly compound, the undefined phrase "networking organizations" is vague and ambiguous, the Interrogatory seeks information not relevant to the case, namely, information about current activity, and the Interrogatory is overbroad as it contains no relevant time period.

**INTERROGATORY 18:**

Did you ever have face to face meetings with realtors while you were employee at Smart Mortgage Centers, Inc? If so, please list the number of hours per week that you had face to face meetings with realtors and the location of these meetings.

**PLAINTIFF'S RESPONSE TO INTERROGATORY 18:**

Plaintiff objects to this Interrogatory because it is improperly compound and the locations of such meetings are not relevant and are unduly burdensome to locate.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

No.

**INTERROGATORY 19:**

Were you ever told by anyone at Smart Mortgage Centers, Inc. that you had set office hours, that there was a certain number of hours that you needed to spend at Smart Mortgage Centers, Inc.'s Naperville office located at 4003 Plainfield Naperville Road, Naperville, Illinois 60564, or that you had to be a work at a certain time on a daily basis while you were an employee of Smart Mortgage Centers, Inc?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 19:**

Plaintiff objects to this Interrogatory because it is improperly compound, the undefined phrase "office hours" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

No.

**INTERROGATORY 20:**

Did Smart Mortgage Centers, Inc. reimburse your travel mileage, meal expenses, cell phone, or any other business expenses?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 20:**

Plaintiff objects to this Interrogatory because the undefined term "business expense" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

No.

**INTERROGATORY 21:**

Did you have a separate room in your home that you dedicated to a home office with a separate phone line when you were an employee of Smart Mortgage Centers, Inc.?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 21:**

Plaintiff objects to this Interrogatory because it is improperly compound.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

No.

**INTERROGATORY 22:**

Did you claim a home office deduction on your tax returns for the tax years 2017, 2018, 2019, or 2020?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 22:**

Plaintiff objects to this Interrogatory because it seeks information that is not tied to any relevant time period, namely their years of employment at Smart Mortgage Centers, Inc. Plaintiff

further objects that the information sought beyond such relevant time period is not relevant to any party's claims or defenses and is unnecessarily invasive.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

No.

**INTERROGATORY 23:**

Did you ever perform work on behalf of Smart Mortgage Centers, Inc. at coffee shops or other commercial retail establishments?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 23:**

Plaintiff objects to this Interrogatory because the phrase "commercial retail establishments" is vague and ambiguous.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

Yes. Plaintiff could have reviewed emails or taken phone calls on a mobile device at retail or other commercial establishments.

**INTERROGATORY 24:**

Did you ever meet or network with Smart Mortgage Centers, Inc. customers or professional partners at a location other than Smart Mortgage Center, Inc's Naperville office located at 4003 Plainfield Naperville Road, Naperville, Illinois 60564 or at your home?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 24:**

Plaintiff objects to this Interrogatory because the undefined term "network" and phrase "professional partners" are vague and ambiguous and the Interrogatory is improperly compound.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

No.

**INTERROGATORY 25:**

Did you ever publish that you enjoy networking with various professional partners and fellow colleagues when you were an employee at Smart Mortgage Centers, Inc?

**PLAINTIFF'S RESPONSE TO INTERROGATORY 25:**

Plaintiff objects to this Interrogatory because the undefined terms "publish" and "professional partners" are vague and ambiguous and the Interrogatory is not relevant to any party's claims or defenses.

Dated: May 4, 2022

/s/ Ari Karen
Ari Karen (*pro hac vice*)
Mitchell Sandler LLC
1120 20th St, NW, Suite 725
Washington, DC 20036
202.886.5260 (telephone)
akaren@mitchellsandler.com

*Attorney for Plaintiff Stephanie Pichardo*

**CERTIFICATE OF SERVICE**

I, Ari Karen, hereby certify that the foregoing Plaintiff Stephanie Pichardo's Responses to Defendants' Interrogatories was served on all counsel of record via email at the below addresses.

Dated: May 4, 2022

Nathan A. Hall
Stephan Hoffman
Mark Christensen
CHRISTENSEN HSU SIPES, LLP
224 South Michigan Ave., Suite 1300
Chicago, Illinois 60604
(312) 634-1014
nate@chs.law
stephan@chs.law
*Attorneys for Plaintiffs*

Wilton A. Person
24330 Leski Lane
Plainfield, Illinois 60585
(815) 254-2467
wperson@personlaw.com
*Attorney for Defendants*

/s/ Ari Karen
Ari Karen (*pro hac vice*)
Mitchell Sandler LLC
1120 20th St, NW, Suite 725
Washington, DC 20036
202.886.5260 (telephone)
akaren@mitchellsandler.com

*Attorney for Plaintiff Stephanie Pichardo*