IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN NOE & EILEEN PRUITT | |
| Plaintiffs, | No. 21-cv-01668 |
| vs. | Honorable Judge Nancy L. Maldonado |
| SMART MORTGAGE CENTERS, INC, RICHARD BIRK, & BRIAN BIRK | Magistrate Judge Sheila Finnegan |
| Defendants, | |

**RESPONSE BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL DISCOVERY**

Defendants Smart Mortgage Centers, Inc., hereafter "Smart Mortgage", Brian Birk, and Richard Birk submit this Response Brief in Opposition to Plaintiffs' Motion to Compel Discovery.

**INTRODUCTION**

Plaintiffs Brian Noe and Eileen Pruitt, "Noe" and "Pruitt" and opt-in Plaintiffs, filed their motion to compel discovery on November 11, 2022, forty-two days after the September 30, 2022 fact discovery deadline in this case. Plaintiffs' motion to compel discovery was also filed fourteen days after this Court issued a subsequent order on October 28, 2022 that extended discovery solely for the purpose of conducting two non-party depositions. Docket # 133. Plaintiffs filed their motion to compel discovery ignoring the September 30, 2022 fact discovery deadline and the Court's subsequent October 28, 2022 order. Notably, Plaintiffs' motion does not request an extension of the fact discovery deadline. Plaintiffs spends the majority of their motion lodging personal attacks and bad faith claims against Smart Mortgage, Richard Birk, and Brian Birk but fail to provide any legal analysis as to how they met the Seventh Circuit's excusable

neglect standard set forth in *Brosted v. Unum Life Ins. Co. of America*, 421 F.3d 459 (7th Cir. 2005). In their motion, Plaintiffs fail to acknowledge that the individuals Richard Birk and Brian Birk objected to producing documents that were the property of Smart Mortgage Centers, Inc. Plaintiffs fail to acknowledge that they received hundreds of pages of responsive documents in excess of the forty pages that is referenced in their motion. Plaintiffs also fail to acknowledge that they emailed a Notice of Intent to serve Subpoena to Smart Mortgage Centers, Inc. on March 15, 2022 and received Smart Mortgage's initial responses to the subpoena for Pruitt and Noe on April 5, 2022. Further, Brian Birk signed a verification that there were no responsive documents with respect to Plaintiffs' requested search terms. See Exhibit B, Brian Birk's Dep. at 77:11-20. Finally, the specific time period set forth in Plaintiffs' requests to Brian Birk, and Richard Birk were either (January 1, 2018 to the present) or (November 1, 2018 to the present). It is also noted that the unauthorized videotaped emails produced by Plaintiffs were from 2015. It is not disclosed how, when, or who provided these videotapes of Smart Mortgage's 2015 emails to Plaintiffs' Counsel. Accordingly, Smart Mortgage, Richard Birk, and Brian Birk request that Plaintiffs' motion to compel discovery be denied in its entirety because Plaintiffs have not met their excusable neglect evidentiary burden and there are no responsive documents to compel.

## STATEMENT OF FACTS

1. On December 8, 2021, Plaintiffs issued Requests for Production to Richard Birk and Brian Birk.

2. It is undisputed that these requests specifically request documents from only two specific time frames as follows: a. January 1, 2018 to the present (Request Nos. 23, 30, 31, 32, 36, 37, 38, 39, and 40) and b. November 1, 2018 to the present. (Request Nos.15, 20, and 37) See Plaintiffs' Exhibit A. Docket # 146.

3. On January 13, 2022, Richard Birk and Brian Birk responded to Plaintiffs Request for Production. See Plaintiffs' Exhibit B. Docket #146

4. In their response, Richard Birk and Brian Birk objected to producing documents that were the property of Smart Mortgage Centers, Inc. See Plaintiffs' Exhibit B. Docket #146

5. On March 15, 2022, Plaintiffs issued an intent to serve a subpoena duces tecum to Smart Mortgage Centers, Inc. See Exhibit A.

6. On April 5, 2022, Smart Mortgage tendered its initial responses to the Plaintiffs' duces tecum subpoena via Dropbox and continued to supplement its discovery up to and including September 30, 2022.

7. On July 20, 2022, Plaintiffs emailed Defendants several videos of an unknown person videotaping 2015 Smart Mortgage emails to opt-in Plaintiff's Ryan Klaic's email inbox.

8. Prior to Richard Birk's and Brian Birk's September 29, 2022 depositions, Plaintiffs' concede that Plaintiffs Counsel's March 24, 2022 letter is the last "meet and confer" correspondence from Plaintiffs' Counsel to Defendant' Counsel as to any concerns regarding Richard Birk's and Brian Birk's responses to their December 8, 2021 Requests for Production. See Plaintiffs' motion at 8.

9. Smart Mortgage, Brian Birk, and Richard Birk continued to supplement their responses to Plaintiffs' written discovery up to and including September 30, 2022.

### ARGUMENT

**A. Plaintiffs Fails to Meet its Excusable Neglect Burden with Respect to its Untimely Motion to Compel Discovery**

At issue is whether a motion to compel should be denied when a party fails to file its motion

within the fact discovery deadline and fails to meets its evidentiary burden of excusable neglect. Fed.R.Civ.P. 6(b)(1)(B) requires a showing of "good cause" *and* "excusable neglect" to extend a deadline after it expires. *Adams v. City of Indianapolis*, 742 F.3d 720 (7th Cir. 2014). In Brosted, the Seventh Circuit explained that because the motion for an extension was not filed until a month after the discovery deadline had passed, Rule 6(b)(2) - now Rule 6(b)(1)(B) — applied, which permits a court to grant the motion for good cause if the moving party failed to comply with the discovery deadline because of "excusable neglect." *Brosted v. Unum Life Ins. Co. of America*, 421 F.3d 459 (7th Cir. 2005). In *Brosted*, the moving party did not show that excusable neglect existed. *Id.* To establish excusable neglect, the moving party must demonstrate that its failure to meet the discovery deadline was due to neglect -- i.e., "a simple, faultless omission to act, or because of carelessness," and that the failure to act was excusable in light of all relevant circumstances, including "the danger of prejudice to the non-moving party, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Zingerman v. Freeman Decorating Co*., 99 Fed. App'x 70, 72 (7th Cir. 2004).

 In the present case, Plaintiffs do not present any facts that discuss the danger of prejudice to the non-moving parties, the length of the delay and its impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

 Here, Plaintiffs repeatedly state their expectations regarding Richard Birk, Brian Birk, and Smart Mortgage to produce documents but do not shed light on their own actions. Plaintiffs also do not explain their six-month gap between their last correspondence regarding their discovery concerns and Brian Birk's September 29, 2022 deposition. Similar to *Brosted,* Plaintiffs were

required to show excusable neglect for failing to comply with the discovery deadline. *Brosted v. Unum Life Ins. Co. of America*, 421 F.3d 459 (7th Cir. 2005). In *Brosted*, the Seventh Circuit did not find an abuse of discretion with respect to the district court denying Brosted's discovery request. *Id.* Here, Plaintiffs not only did not present any argument articulating any of the factors demonstrating excusable neglect but failed to request an extension in their motion.

**B. Plaintiffs' Motion is moot because Smart Mortgage, Brian Birk, and Richard Birk have produced all responsive documents pursuant to Plaintiffs December 8, 2021 Request for Production.**

Based upon Plaintiffs' December 8, 2021 Request for Production, Smart Mortgage, Brian Birk, and Richard Birk have produced all responsive documents to their requests for the requested time frames, (November 1, 2018 to present) and (January 1, 2018 to present). In their motion, Plaintiffs assert that the original emails of the screenshots of the videotaped emails are responsive although these emails are from 2015 which is three years prior to the time period set forth by the Plaintiffs' in their Request for Production to Brian Birk and Richard Birk. In their motion, Plaintiffs do not articulate why Smart Mortgage, Brian Birk, and Richard Birk should be compelled to produce documents beyond the time frame set forth by the Plaintiffs in their request or any applicable statute of limitations period to their claims. It is also noted that Plaintiffs' Requests for Production to Brian Birk and Richard Birk do not articulate that a specific time frame should be applicable for requests that do not have contain a specific time frame marker in the request. The *Definitions, Instructions, and Additional Instruction* sections of the Requests for Production are silent as to this issue. It is undisputed that Plaintiffs have not attached their employment contracts with Smart Mortgage or referenced the existence of their employment contracts with Smart Mortgage in any of their allegations against Smart Mortgage, Richard Birk, or Brian Birk to provide a basis for a ten-year statute of limitations for their IWPCA claims. 735

ILCS 5/13-206. To that extent, an interpretation of Plaintiffs' December 8, 2021 requests for production to Richard Birk, Brian Birk, and Smart Mortgage that do not reference a specific time period would be that the requests are controlled by a five-year limitation for an oral contract to an IWPCA claim. *Clark v. Western Union Telegraph Co.*, 141 Ill.App.3d 174, (1st Dist. 1986). It is undisputed that any 2015 emails or any emails prior to 2015 would be beyond the five-year limitation period and not responsive to Plaintiffs' request.

**C. No Legal, Factual, or Practical Basis for Plaintiff's E-vendor argument**

Plaintiffs also asserts that Smart Mortgage should be required to pay for a third-party e-vendor to conduct the requested search terms. In the unpublished Northern District case that Plaintiffs cites in support, *Bookexchange FL, LLC v. Book Runners*, a case which was addressed by Magistrate Judge Sheila Finnegan, there was not a court order requiring Bookexchange, FL, LLC to pay a third-party vendor to conduct a search. Plaintiffs cites two other unpublished federals opinions from district courts in Utah and Colorado that are neither binding nor authoritative on Seventh Circuit cases.

Another key distinction from *Bookexchange FL, LLC v. Book Runners*, No. 19C506, 2020 U.S. Dist. LEXIS 223083, at *12 (N.D. Ill. Nov. 30, 2020) is that Smart Mortgage, Richard Birk, and Brian Birk have spent substantial time and effort to provide responsive documents to the Plaintiffs in good faith whereas the Court raised concerns about the Plaintiff in *Bookexchange FL, LLC v. Book Runners*. Although Plaintiffs claim in its motion that the information is highly relevant, the reality is that there is no practical use for this information at this time after summary judgment motions have been filed.

**<u>CONCLUSION</u>**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion to Compel written discovery in its entirety and award Defendants reasonable attorney fees for responding to Plaintiffs' third motion in this case filed in contravention of a specific court ordered deadline.

                                                                        For the Defendants
                                                                        Smart Mortgage Centers, Inc.,
                                                                        Brian Birk, and Richard Birk.

                                                                         By their attorney,
                                                                         s/Wilton A. Person

                                                                         _____
                                                                         Wilton A. Person

ARDC # 6290441
Wilton A. Person
Attorney for Defendants
24330 Leski Lane
Plainfield, Illinois 60585
(815) 254-2467
wperson@personlaw.com