**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BRIAN NOE & EILEEN PRUITT  Plaintiffs,  vs.  SMART MORTGAGE CENTERS, INC., RICHARD BIRK, & BRIAN BIRK  Defendants, | No. 21-cv-01668  Honorable Judge Nancy L. Maldonado  Magistrate Judge Sheila Finnegan |

**MEMORANDUM OF LAW IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES the Defendants Smart Mortgage Centers, Inc., Brian Birk, and Richard Birk, by and through their attorney, Wilton A. Person, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56.1(b)(1) presents the following Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment.

## I. Introduction

This case involves Plaintiffs' claims for alleged violations of the Fair Labor Standards Act, the Illinois Minimum Wage Law, and the Illinois Wage Payment and Collection Act. Ample facts exist in the record to defeat Defendants' Motion for Summary Judgment on all issues for which Plaintiffs move and grant summary judgment on Defendants' Cross Motion for Summary Judgment. Therefore, for these reasons and those stated hereinafter, Defendants requests that this Court deny Plaintiffs' Motion for Summary Judgment with respect to all counts.

## II. STATEMENT OF FACTS

Smart Mortgage Centers, Inc.'s services include soliciting, processing and placing consumers' residential mortgage loans under the Illinois Residential Mortgage License Act with qualified lenders that have entered into agreements with Smart Mortgage Centers, Inc. (Pl.'s 56.1(b)(3)(C) Stmt ¶1.) Plaintiffs Brian Noe and Eileen Pruitt and Opt-in Plaintiffs Alan Platt, Ryan Klaic, Stephanie Holland, and Shian Jno-Lewis were commissioned outside sales employees at Smart Mortgage Centers, Inc. (*Id.* ¶2). Plaintiffs Brian Noe and Eileen Pruitt and Opt-in Plaintiffs Alan Platt, Ryan Klaic, Stephanie Holland, and Shian Jno-Lewis were able to do their work at Smart Mortgage Center, Inc's Naperville office or outside Smart Mortgage Center, Inc.'s Naperville office using Smart Mortgage's virtual private network. (*Id.* ¶3). At no time during Plaintiffs Brian Noe's Eileen Pruitt's or Opt-in Plaintiffs Alan Platt's, Ryan Klaic's, Stephanie Holland's, and Shian Jno-Lewis's employment with Smart Mortgage Centers, Inc., or prior to the filing of this lawsuit, did they submit to any Smart Mortgage Centers, Inc. agent or employee any list, log, or record of the hours they claim to have worked. (*Id.* ¶4). Opt-in Plaintiffs made their own schedule, worked whatever hours they chose to work, performed a portion of their work outside of Smart Mortgage Centers Inc's office, never submitted any time records, and never asked for overtime compensation. (*Id.* ¶5). Plaintiffs Brian Noe and Eileen Pruitt and Opt-in Plaintiffs Alan Platt, Ryan Klaic, Stephanie Holland, and Shian Jno-Lewis did not have any fixed, required, or expected hours of work and did not account for or keep their time or use a time clock to track their time. (*Id.* ¶6). Smart Mortgage Center Inc's commissioned outside sales employees can have other employment, co-existent with their employment with Smart Mortgage, but cannot be employed with a lender or another Illinois Residential Mortgage licensee. (*Id.* ¶7). Commissioned outside sales employees at Smart Mortgage Centers, Inc. are

paid on a 100% commission basis and only on loans that are closed with approved lenders. (*Id.* ¶8). Commissioned outside sale employees at Smart Mortgage Centers, Inc. receive no salary, no base pay, no hourly wages, and no overtime compensation. (*Id.* ¶9). Opt-in Plaintiff Alan Platt's 2018 W-2 reflects that he earned commissions equaling $74,218.83 based upon compensation received from Smart Mortgage Centers, Inc. (*Id.* ¶10). Opt-in Plaintiff Ryan Klaic's 2018 W-2 reflects that he earned commissions equaling $114,076.01 based upon compensation received from Smart Mortgage Centers, Inc. (*Id.* ¶11). Opt-in Plaintiff Ryan Klaic's 2019 W-2 reflects that he earned commissions equaling $141,472.46 based upon compensation received from Smart Mortgage Centers, Inc. (*Id.* ¶12). Opt-in Plaintiff Ryan Klaic's 2020 W-2 reflects that he earned commissions equaling $220,695.31 and $110,440.16 in 2021 based upon compensation received from Smart Mortgage Centers, Inc. (*Id.* ¶13). Opt-in Plaintiff Shian Jno-Lewis, worked for Smart Mortgage Centers, Inc. as a commissioned outside sales employee from July 27, 2016 until December 27, 2017. (*Id.* ¶14). Opt-in Plaintiff Ryan Klaic, worked for Smart Mortgage Centers, Inc. as a commissioned outside sales employee from June 1, 2011 until he voluntarily resigned from Smart Mortgage Centers, Inc. on August 6, 2021. (*Id.* ¶15). Klaic signed four Schedule B, Outside Sales Employee Riders to Smart Mortgage Centers, Inc. Loan Officer Retention Agreements in which he agreed that he would be treated as exempt from the minimum wage and overtime pay requirements of the FLSA and Illinois minimum wage and overtime law. (*Id.* ¶16). On April 5, 2018, Opt-in Plaintiff Alan Platt signed an employment agreement with Smart Mortgage Centers, Inc. (*Id.* ¶17). Platt signed Schedule B, Outside Sales Employee Riders to Smart Mortgage Centers, Inc. Loan Officer Retention Agreements in which he agreed that he would be treated as exempt from the minimum wage and overtime pay requirements of the FLSA and Illinois minimum wage and overtime law. (*Id.* ¶18).

On July 27, 2016, Plaintiff Shian Jno-Lewis signed an employment agreement with Smart Mortgage Centers, Inc. (*Id.* ¶19). Shian Jno-Lewis signed Schedule B, Outside Sales Employee Riders to Smart Mortgage Centers, Inc. Loan Officer Retention Agreements in which she agreed that she would be treated as exempt from the minimum wage and overtime pay requirements of the FLSA and Illinois minimum wage and overtime law. (*Id.* ¶20). Brian Noe signed Schedule B, Outside Sales Employee Riders to Smart Mortgage Centers, Inc. Loan Officer Retention Agreements in which he agreed that he would be treated as exempt from the minimum wage and overtime pay requirements of the FLSA and Illinois minimum wage and overtime law. (*Id.* ¶21). Eileen Pruitt signed Schedule B, Outside Sales Employee Riders to Smart Mortgage Centers, Inc. Loan Officer Retention Agreements in which she agreed that she would be treated as exempt from the minimum wage and overtime pay requirements of the FLSA and Illinois minimum wage and overtime law. (*Id.* ¶22). Stephanie Holland signed Schedule B, Outside Sales Employee Riders to Smart Mortgage Centers, Inc. Loan Officer Retention Agreements in which she agreed that she would be treated as exempt from the minimum wage and overtime pay requirements of the FLSA and Illinois minimum wage and overtime law. (*Id.* ¶23). Under Paragraph 7 of their employment agreements titled "Deposit of Funds", all Plaintiffs acknowledged that they would be responsible for the collection of ***all fees*** in connection with mortgage loans originated by the specific employee, and, if not so collected by the Plaintiffs from Borrower at the time of Loan closing, then Smart shall the right to set off and deduct from any amounts due the Plaintiffs hereunder any amounts not paid, including but not limited to the above (all funds or drafts received by the Plaintiffs during their employment at Smart, such as application deposits, appraisal fees, credit reporting fees, title charges, etc.), and any shortages created by improperly processing said mortgage loans; unpaid amounts due Smart; bounced

Borrower(s) checks; any and all legal fees and costs relating to such matters; lender premium repayments for loans originated in violation of a lender's correspondent agreement with Smart and other items due Smart or third parties relating to the Plaintiffs or their Borrower(s). (Defs. Ex. G.; Defs. Ex. H; Defs Ex. I; Defs Ex. J.; Defs Ex. K; Defs Ex. J). (*Id.* ¶24). Opt-in Plaintiff Stephanie Holland did not have any deductions from commissions other than statutory deductions required by federal and state laws. (*Id.* ¶25). Smart Mortgage Centers, Inc.'s employment records and payroll records reflect that neither Shian Jno-Lewis nor Stephanie Holland worked at Smart Mortgage Centers as loan officers in 2018. (*Id.* ¶26). The Nationwide Multistate Licensing System / Nationwide Mortgage Licensing System reflects that Opt-in Plaintiff Jno-Lewis does not report working at Smart Mortgage Centers, Inc. at any time. (Defs. Exhibit M). (*Id.* ¶27). The Nationwide Multistate Licensing System / Nationwide Mortgage Licensing System reflects that Opt-in Plaintiff Stephanie Holland does not report working at Smart Mortgage Centers, Inc. at any time. (*Id.* ¶28). Plaintiff Brian Noe's estimate of the hours he worked per week as a Smart Mortgage Centers, Inc. employee are not based upon anything other than his own estimate. (*Id.* ¶29). Plaintiff Eileen Pruitt's estimate of the hours she worked per week as a Smart Mortgage Centers, Inc. employee are not based upon anything other than her own memory. (*Id.* ¶30). The LeadMailbox application is a cloud CRM/Lead Management platform utilized by Smart Mortgage Centers, Inc. to provides customer leads to its loan officers. (*Id.* ¶31). Plaintiff Eileen Pruitt admitted that she turned off Smart Mortgage Centers, Inc.'s LeadMailbox application for over one week on multiple occasions. (*Id.* ¶32). Plaintiff Eileen Pruitt admitted that she turned off Smart Mortgage Centers, Inc.'s LeadMailbox application for over two weeks on at least one occasion. (*Id.* ¶33). Plaintiff Eileen Pruitt turned off Smart Mortgage Center's LeadMailbox application for months at a time. (*Id.* ¶34). Plaintiff Brian Noe

claimed business deductions and a mileage tax deduction based upon 9100 business miles in 2018 and 3,416 business miles in 2019 based upon his business as a loan officer. (*Id.* ¶35). In Brian Noe's deposition, he is unable to recall if he was driving these business miles for work related to Smart Mortgage Centers. (*Id.* ¶35). On June 16, 2021, Opt-in Plaintiff Alan Platt states to Plaintiff Brian Noe "What idiots. Imagine how many worthless leads Birk could have bought with that $". (*Id.* ¶36). Jon Butusov testified that "Nobody had set hours in that office so you could come and go as you please if you wanted to take a -- you know, come in and then leave and do something half the day and then stop back by". (*Id.* ¶37). Jon Butusov testified that there was no requirement to record hours at Smart Mortgage Centers, Inc. (Defs. Exhibit R. 34:5-11). (*Id.* ¶38). Jon Butusov testified that he did not recall any time in which Brian Noe, Eileen Pruitt, or Ryan complained about not receiving overtime pay or minimum wage pay. (*Id.* ¶39). Brian Birk testified that he was aware that Noe was away from the office because "his wife traveled to China and to all over the place and he was basically a stay-at-home dad and took care of three children and that was something that originally that, you know, when we met each other he actually said that his wife traveled to China and Vegas and all over the country that he would not be able to be in the office and he was wondering if was had a remote outside position that he could work and still get leads and I agreed to it". (*Id.* ¶40).

### III. STANDARD OF REVIEW

Summary judgment is appropriate when the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The nonmovant must point to admissible evidence in the record to show that a genuine dispute exists. The mere existence of a factual dispute is insufficient to overcome a motion for summary judgment; the nonmovant "must present definite, competent evidence in rebuttal." *Parent v.*

*Home Depot U.S.A., Inc.*, 694 F.3d 919, 922 (7th Cir. 2012). All facts, and any inferences to be drawn from them, must be viewed in the light most favorable to the non-moving party. *Wis. Cent., Ltd. v. Shannon*, 539 F.3d 751, 756 (7th Cir. 2008).

## IV. ARGUMENT

The record reveals that there are numerous triable facts concerning Plaintiffs' Fair Labor Standards Act claims, the Illinois Minimum Wage Law claims, and the Illinois Wage Payment and Collection Act.

**A. Notwithstanding the Court's ruling on Defendants' Cross Motion for Summary Judgment against Opt-in Plaintiffs and Defendants Motion for Summary Judgment against Plaintiffs, Defendants can show triable facts as to Plaintiffs FLSA claims and minimum wage claims with respect to whether the Plaintiffs worked over forty hours in a week without pay and whether the Plaintiffs were exempt from federal and state overtime and minimum wage laws as exempt outside sales employees or exempt under 207(i) pursuant to Defendants' Cross Motion for Summary Judgment.**

To prevail on their FLSA overtime claims, Plaintiffs must prove that: (1) they worked overtime without compensation; and (2) Smart Mortgage Centers, Inc. knew or should have known of the overtime work. *Blakes v. Illinois Bell*, 75 F. Supp.3d 792 (N.D. Ill. 2014). Employers have no obligation to pay for work that they did not authorize and did not know about. *Id.* Plaintiffs must provide some explanation for how they arrived at the hours estimates provided. Blakes, *Id.* at 807.

In the present case, Plaintiffs' factual assertions are unsubstantiated and speculated from memory. Specifically, Plaintiff Brian Noe's estimate of the hours he worked per week as a Smart Mortgage Centers, Inc. employee are not based upon anything other than his own estimate. (*Id.* ¶29). Further, Plaintiff Eileen Pruitt's estimate of the hours she worked per week as a Smart Mortgage Centers, Inc. employee are not based upon anything other than her own memory. (*Id.* ¶30). In addition, Plaintiff Brian Noe claimed business deductions and a mileage tax deduction based upon 9100 business miles in 2018 and 3,416 business miles in 2019 based

upon his business as a loan officer. (*Id.* ¶35). In his deposition, Noe is unable to recall if he was driving these business miles for work related to Smart Mortgage Centers. (*Id.* ¶36). Plaintiff Eileen Pruitt admitted that she turned off Smart Mortgage Centers, Inc.'s LeadMailbox application for over one week on multiple occasions. (*Id.* ¶32). Plaintiff Eileen Pruitt admitted that she turned off Smart Mortgage Centers, Inc.'s LeadMailbox application for over two weeks on at least one occasion. (*Id.* ¶33). Brian Birk testified that Plaintiff Eileen Pruitt turned off Smart Mortgage Center's LeadMailbox application for months at a time. (*Id.* ¶34). Plaintiffs Brian Noe and Eileen Pruitt and Opt-in Plaintiffs Alan Platt, Ryan Klaic, Stephanie Holland, and Shian Jno-Lewis did not have any fixed, required, or expected hours of work and did not account for or keep their time or use a time clock to track their time. (*Id.* ¶6). Smart Mortgage employee Jon Butusov testified that "Nobody had set hours in that office so you could come and go as you please if you wanted to take a -- you know, come in and then leave and do something half the day and then stop back by". (*Id.* ¶37). Jon Butusov testified that there was no requirement to record hours at Smart Mortgage Centers, Inc. (*Id.* ¶38). Brian Birk testified that he was aware that Noe was away from the office because "his wife traveled to China and to all over the place and he was basically a stay-at-home dad and took care of three children and that was something that originally that, you know, when we met each other he actually said that his wife traveled to China and Vegas and all over the country that he would not be able to be in the office and he was wondering if was had a remote outside position that he could work and still get leads and I agreed to it". (*Id.* ¶40). All of the Plaintiffs' signed Outside Sales Employee Riders to Smart Mortgage Centers, Inc. Loan Officer Retention Agreements in which they agreed that they would be treated as exempt from the minimum wage and overtime pay requirements of the FLSA and Illinois minimum wage and overtime law. (*Id.* ¶¶16-23). At no time during Plaintiffs Brian

Noe's Eileen Pruitt's or Opt-in Plaintiffs Alan Platt's, Ryan Klaic's, Stephanie Holland's, and Shian Jno-Lewis's employment with Smart Mortgage Centers, Inc. did any of the Plaintiffs request payment for overtime. (*Id.* ¶5). Jon Butusov testified that he did not recall any time in which Brian Noe, Eileen Pruitt, or Ryan complained about not receiving overtime pay or minimum wage pay. (*Id.* ¶39).

In Alan Platt's Declaration, Decl. of Alan Platt, ECF No. 66-4, ¶3, Platt states that customer leads were only provided if an employee was in Smart Mortgage Center's physical office. On June 16, 2021, Opt-in Plaintiff Alan Platt states to Plaintiff Brian Noe via text communications "What idiots. Imagine how many worthless leads Birk could have bought with that $". (*Id.* ¶37).

Although Plaintiffs argue that Smart Mortgage Centers, Inc., Richard Birk, and Brian Birk were aware that Plaintiffs were working overtime, Plaintiffs do not cite any evidence to support this assertion consistent with *Blakes v. Illinois Bell*, 75 F. Supp.3d 792 (N.D. Ill. 2014).

**B. Notwithstanding the Court's ruling on Defendants' Cross Motion for Summary Judgment against Opt-in Plaintiffs and Defendants Motion for Summary Judgment against Plaintiffs, Defendants can show triable facts as to Plaintiffs Illinois Wage Payment and Collection Act with respect to whether the deductions were authorized by the Plaintiffs.**

The Illinois Supreme Court established the four-corners rule as the test to be used for courts in Illinois for contract cases involving the issues arising under the parol evidence rule and interpretation in *Armstrong Paint & Varnish Works v. Continental Can Co.*, 301 Ill. 102, 106 (1921). One of the Seventh Circuit's favorite themes is that "'common sense is as much a part of contract interpretation as is the dictionary or the arsenal of canons.'" *Dispatch Automation, Inc. v. Richards*, 280 F.3d 1116, 1119 (7th Cir.2002). One of the Seventh Circuit's favorite themes is that "'common sense is as much a part of contract interpretation as is the dictionary or the arsenal of canons.'" Dispatch Automation, Inc. v. Richards, 280 F.3d 1116, 1119 (7th Cir.2002). See

also, Miller v. St. Paul Mercury Ins. Co. 683 F.3d 871, 874 (7th Cir.2012 ("'there is no novelty in interpreting contractual language in light of common sense.' "); Beanstalk Group. Inc. v. AM General Corn., 283 F.3d 856 (7th Cir. 2002) (Posner, J.). (discussing the mischief that results from abandonment of common sense in contract interpretation). Issues of interpretation in contract cases should be resolved on the basis of the contract's language in order to minimize the costs and uncertainties of enforcing contracts." In re Comdisco, Inc., 434 F.3d 963, 968 (7th Cir. 2006) (applying Illinois law). "When the language of a contract is clear, a court must determine the intent of the parties solely from the plain language of the contract." Premier Title Co. v. Donahue, 328 Ill. App. 3d 161, 164, 765 N.E.2d 513, 516 (2002).

In the present case, the plain language of paragraph 7 of the Plaintiffs' employment agreements is clear and cannot be ignored. Plaintiff and Opt-in Plaintiffs are alleging improper payroll deductions that are in direct conflict with the language of the employment agreements they signed with Smart Mortgage. (*Id.* ¶24). Notably, Plaintiffs fail to attach their employment agreements to their First Amended Complaint or include any language in their First Amended Complaint that admit that they signed employment agreements that controlled their employment conditions with Smart Mortgage Centers, Inc.

**C. Notwithstanding the Court's ruling on Defendants' Cross Motion for Summary Judgment against Opt-in Plaintiffs and Defendants Motion for Summary Judgment against Plaintiffs, Defendants can show triable facts as to whether Defendants Richard Birk and Brian Birk have individual liability.**

"The Fair Labor Standards Act defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d).2 Consistent with this breadth, an employer can be either a company or an individual. Id. § 203(a)." *Schneider v. Cornerstone Pints, Inc.*, 148 F.Supp.3d 690 (N.D. Ill. 2015). Perhaps owing to the liability that comes with the status, courts have stopped short of applying the

definition precisely as written—at least when the defendant in question is an individual. Were they to do otherwise, every person with supervisory power over other employees would become liable for a company-employer's FLSA violations. *Id.* In sum, the test is to look at all facts surrounding the defendant's supervision of the employee and determine whether the defendant exercised control and authority over the employee in a manner that caused the FLSA violation (at least in part). *Id.*

In the present case, Plaintiffs claims against Richard Birk and Brian Birk fail because Plaintiffs cannot show that Brian Birk or Richard Birk exercised control and authority over any of the Plaintiffs that caused an alleged FLSA violation. First, all of the Plaintiffs' signed Outside Sales Employee Riders to Smart Mortgage Centers, Inc. Loan Officer Retention Agreements in which they agreed that they would be treated as exempt from the minimum wage and overtime pay requirements of the FLSA and Illinois minimum wage and overtime law. (*Id.* ¶¶16-23). Second, Plaintiffs Brian Noe and Eileen Pruitt and Opt-in Plaintiffs Alan Platt, Ryan Klaic, Stephanie Holland, and Shian Jno-Lewis did not have any fixed, required, or expected hours of work and did not account for or keep their time or use a time clock to track their time. (*Id.* ¶6).

Most importantly, at no time during Plaintiffs Brian Noe's Eileen Pruitt's or Opt-in Plaintiffs Alan Platt's, Ryan Klaic's, Stephanie Holland's, and Shian Jno-Lewis's employment with Smart Mortgage Centers, Inc. did any of the Plaintiffs request payment for overtime. (*Id.* ¶5).

Jon Butusov testified that he did not recall any time in which Brian Noe, Eileen Pruitt, or Ryan complained about not receiving overtime pay or minimum wage pay. (*Id.* ¶39). Jon Butusov further testified that "Nobody had set hours in that office so you could come and go as you please if you wanted to take a -- you know, come in and then leave and do something half the day and then stop back by". (*Id.* ¶37).

Although Plaintiffs allege in their Memorandum that Richard Birk approved a policy that Smart Mortgage Centers, Inc. to not pay minimum wages wage or overtime wages, Plaintiff do not present facts to support this assertion. Pls' Memorandum at 12. Similarly, Plaintiffs assert that Brian Birk encouraged loan officers to work overtime but cannot present any factual evidence to support this assertion. Pls' Memorandum at 12.

**D. Notwithstanding the Court's ruling on Defendants' Cross Motion for Summary Judgment against Opt in Plaintiffs and Defendants Motion for Summary Judgment against Plaintiffs, Plaintiffs' FLSA claims should not be extended to three years because Plaintiffs have not shown any facts to support willfulness.**

29 U.S.C. § 255(a) provides for a two-year limitations period from the time of the accrual of the action, "except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued". In *Walton v. United Consumers Club, Inc.* 786 F.2d 303, 308, the Court described willfulness as "usually it denotes some highly culpable mental state either actual knowledge that one's acts violate the law or reckless indifference to the law. The plaintiff in a FLSA case bears the burden of establishing willfulness, which "requires proof that the defendant's actions were knowing and voluntary and that he knew or reasonably should have known that those actions violated the statute. *Id.* at 312.

In the present case, Plaintiffs have not asserted material facts to prove that any of the Defendants' actions were knowing and voluntary and they knew or reasonably should have known that these actions violated the FLSA statute based upon Plaintiffs' assertions. Moreover, Plaintiffs have not presented material facts to support that Richard Birk or Brian Birk had the requisite highly culpable mental state of actual knowledge of a FLSA violation or reckless indifference. Accordingly, there is no basis in this case that the FLSA statute of limitations should be extended to three years when Plaintiffs cannot establish willfulness.

**CONCLUSION**

In light of the foregoing, Plaintiffs' Motion for Summary Judgment on all counts should be denied.

                For the Defendants Smart Mortgage Centers, Inc., Richard Birk and Brian Birk

                By their attorney,

                s/Wilton A. Person
                _____
                Wilton A. Person

ARDC # 6290441
Wilton A. Person
Attorney for the Defendants
24330 Leski Lane
Plainfield, Illinois 60585
(815) 254-2467
wperson@personlaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN NOE & EILEEN PRUITT | |
| Plaintiffs, | No. 21-cv-01668 |
| vs. | Honorable Judge Nancy L. Maldonado |
| SMART MORTGAGE CENTERS, INC, RICHARD BIRK, & BRIAN BIRK | Magistrate Judge Sheila Finnegan |
| Defendants, | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2023, I electronically filed the foregoing **Memorandum of Law in Opposition to Plaintiffs' Motion for Summary Judgment** with the Clerk of Court using the CM/ECF system, which will send notification of the filing to all counsel of record.

/s/ Wilton A. Person
Wilton A. Person