UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| BRIAN NOE<br><br>and<br><br>EILEEN PRUITT<br><br>on behalf of<br>themselves and all other similarly situated,<br><br>                Plaintiffs,<br><br>-against-<br><br>SMART MORTGAGE CENTERS, INC.<br>and<br><br>RICHARD BIRK,<br><br>and<br><br>BRIAN BIRK,<br>                Defendants. | Case No.: 1:21-cv-01668<br><br>Honorable Nancy L. Maldonado |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSED MOTION FOR SANCTIONS OF ATTORNEYS' FEES AND COSTS AND MOTION TO DEEM EVIDENCE ADMISSABLE**

Plaintiffs Brian Noe and Eileen Pruitt, as well as opt-in plaintiffs (together, "Plaintiffs"), by and through undersigned counsel, move pursuant to Fed. R. Civil Procedure 26(g) and 37(b)(2), for sanctions against Defendants Richard Birk, Brian Birk, and Smart Mortgage Centers, Inc. ("Defendants") of attorney's fees and costs in connection with Plaintiff's motion to compel which was previously granted by this Court after oral argument on December 14, 2022 and this motion for sanctions. Plaintiffs also request an order that the group of documents attached to Plaintiffs' motion to compel, (ECF No. 146, Exs. 14-17) and which were ordered to be produced, be deemed admissible as Defendants have still failed to produce that set.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs issued discovery on December 8, 2021, including Requests to Produce ("RFPs") to Defendants Richard Birk and Brian Birk ("Birk Defendants"). On January 13, 2022, the Birk Defendants provided objections and responses to Plaintiffs' Request for Production. (ECF No. 146, Exs. A-B.) Defendants produced an initial 40 documents, with very few emails contained as part of the production. *Id*. On March 24, 2021, Plaintiffs sent Defendants a deficiency letter identifying several concerns with Defendants' incomplete and/or insufficient discovery responses. (ECF No. 146, Ex. D.) Defense counsel advised that he would follow up within a few weeks to confirm whether there were supplemental, responsive documents; specifically, emails. (ECF No. 146, Ex. E.) Defendants never provided responsive emails.

At the deposition of Brian and Richard Birk, Plaintiffs' counsel showed Brian Birk several photographs of emails sent from Brian Birk to Plaintiffs. These emails would have been responsive to Plaintiffs' discovery requests, but Defendants did not produce them. Rather, they were provided by one of the Plaintiffs. Further, Defense counsel objected on numerous occasions to the use of the photographs. Essentially, Defendants failed to produce the actual emails but then objected when Plaintiffs used a copy of the same, as it was the only evidence Plaintiffs had. Further, SMC offered no consistent or logical explanation for why the emails had not been produced. Brian Birk testified that SMC had not conducted a single search for the emails Plaintiff requested. This was in contrast to Defense counsel's assertions that they had produced all responsive documents in SMC's possession.

On September 30, 2022, the day after the deposition of the Birks, Plaintiffs' counsel sent Defendants another deficiency letter. (ECF No. 146, Ex. G.) Among other things, this letter requested the original emails reflected in the photographs Plaintiffs used as exhibits in the Birks'

depositions, all emails reflecting breakdowns of Plaintiffs' commissions for every payroll, which the Birks testified existed, and that Defendants review whether all responsive documents and emails had been produced. On October 5, 2022, Defendants responded stating "there are still no responsive documents to the referenced search terms and all of my clients' answers regarding the specific ESI search questions remain the same. (ECF No. 146, Ex. H.) Defendants further responded, "I will carefully review your requests referenced in your September 30, 2022 letter to determine if there are any additional documents responsive." *Id.* This letter indicated that otherwise, Defendants would not be producing any additional documents. In a meet and confer on October 25, 2022, Defense counsel reiterated this response and that he did not believe any further documents were owed to Plaintiffs.

On November 11, 2022, Plaintiffs moved to compel responsive emails reflecting loan officer commission deductions, of which the Parties were aware as Plaintiffs produced screenshots of such documents during discovery. Those screenshots were attached as Exhibits to Plaintiffs motion to compel. (ECF No. 146, Exs. 14-17.) Plaintiffs moved to compel both the original emails captured in the screenshots, as well as similar responsive emails. On December 14, 2022, this Court held a hearing on the motion. During the hearing, Defense counsel stated, "[m]y understanding is that my client, Brian Birk, performed a search, and in the deposition as stated in the brief, that no documents came up." (Dec. 14, 2022 Tr. at 4:5-7, attached as Ex. A.) Counsel further stated, "I mean, there is nothing else that I have that my client has presented that I can present." (Dec. 14, 2022 Tr. at 4:16-17.) Defense counsel was emphatic that the searches Plaintiffs requested had been performed and that Brian Birk, "did the searches," and that "there is really no documents to even produce," except for those beyond the statute of limitations. (Dec. 14, 2022 Tr. at Tr. 14:17-18, 22-23.) Finally, Defense counsel stated, "even if the searches are done by another

3

company, there is nothing there because this is not an issue . . . there is just nothing there." (12/14/2022 Tr. 16:1-5.) In fact, Defense counsel asserted at least eight times during the hearing that there were no responsive documents. (*See generally* Dec. 14, 2022 Tr.) This Court, however, acknowledged the documents must exist, "[W]e know some emails exist and plaintiff needs to get them, at least the ones that you objected to at the deposition, you know, on the grounds of authenticity." (Dec. 14, 2022 Tr. at 23:10-13.) That same day, this Court granted Plaintiffs' motion to compel. This Court ordered the Parties to meet and confer on search terms for e-mails from the following custodians: Defendants Richard Birk and Brian Birk, Named Plaintiffs, and the Opt-in Plaintiffs, and to include their relevant IT representatives. Further, the temporal scope of the search covered 2011 through the present. (ECF No. 160.)

The Parties engaged in extensive back and forth and multiple phone calls regarding Defendants' search of emails in December 2022 and January 2023. Despite months of disputing the production of these documents and Defense counsel's numerous assertions that no responsive documents existed, on January 31, 2023, Defendants produced 1,349 pages of responsive documents, including emails. Further, despite the volume of emails produced, the production still did not include the original emails for all the screenshots Plaintiffs previously produced and attached to their motion to compel. Such conduct is sanctionable under several rules of civil procedure and warrants an order deeming the documents admissible.[1]

---

[1] On January 26, 2023, the Court ordered the parties to meet and confer regarding settlement and to file a joint status report by February 26, 2023. (ECF No. 185). On February 2, 2023, the parties filed a joint status report regarding the production of emails, which had not been thoroughly reviewed due to the volume and timing of the required status report. (ECF No. 187; 188.). On February 24, 2023, the parties filed a joint status report regarding settlement, indicating a desire to proceed in front of Magistrate Judge Finnegan for a settlement conference. (ECF No. 93). On February 28, 2023, the Court referred the case to Judge Finnegan for a settlement conference. (ECF No. 194.) The parties were engaged in the settlement conference from February through April 26, 2023 (the date of the settlement conference) and Plaintiffs did not wish to file

**LEGAL ARGUMENT**

Sanctions are appropriate for Defendants failure to produce responsive documents and emails, which required Plaintiffs to spend significant time and money disputing the issue and, ultimately file a successful Motion to Compel Discovery. Sanctions are proper under both Federal Rules of Civil Procedure 26(g) and 37(b)(2).

### A. Rule 26(g) Sanctions Standard

Federal Rule of Civil Procedure 26(g) requires that every discovery response be signed by an attorney and the signature "certifies that to the best of the person's knowledge, information, and belief formed after a reasonable inquiry" that the response is complete and correct. This rule is enforced by a *mandatory sanction* under Rule 26(g)(3), which reads:

> If a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation.

### B. Rule 37(b)(2) Sanctions Standard

Federal Rule of Procedure 37 covers, "Failure to Make Disclosures or to Cooperate in Discovery," and sanctions for the same. If a motion to compel discovery is granted, or if the disclosure or requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Further, Rule 37(b)(2) provides for sanctions arising from the failure to obey a court order or

---

this motion while negotiations were ongoing out of concern that they would negatively impact discussions. (*See* ECF No. 200). However, the motion is now ripe, and litigation is proceeding.

permit discovery. "If a party [] fails to obey an order to provide or permit discovery [], the court where the action is pending may issue further just orders." In addition, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2).

### C. Sanctions Are Proper Because of Defendants' Inaccurate Assertions and Failure to Produce Responsive Documents.

Monetary sanctions are appropriate here because Defendants refused to search for and produce responsive documents and communications and, even after being ordered to do so, still have not produced all emails as evidenced by the screenshots in Plaintiffs' possession, in violation of Rule 37. Further, Defendants unequivocally misrepresented the existence of responsive documents to Plaintiffs and this Court in violation of Rule 26. Accordingly, under Rules 26 and 37 monetary sanctions are proper.

Defendants seek reimbursement for the needless resources and time expended on this discovery dispute, an order clarifying that to the extent originals of emails were not produced, Defendants may use the screenshots utilized during depositions as evidence at trial, and any other remedial monetary fines this Court deems proper. As the court in *DR Distributors, LLC* reasoned, a monetary sanction "would be to compensate and remediate to a small extent the unnecessary prejudice [d]efendants and the former defense counsel have inflicted on this Court and the thousands of other litigants whose cases could not be addressed because of the diversion of its resources." *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 864 (N.D. Ill. 2021); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 286-87 (E.D.N.Y. 2009) (imposing monetary fine); *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 558 (N.D. Cal. 1987) (imposing fine because of burden on court). In *DR Distributors*, the Court made

clear that while production of ESI is not a perfect science, counsel has a duty to understand what is required and ensure that potentially relevant documents and communications are properly preserved, searched and produced. *Id*. at 866-868. Further, this duty extends to questioning a client's explanations of their preservation and search efforts when their representations are not logical. *Id*. (holding had defense counsel made reasonable efforts to verify storage of yahoo communications counsel would have known such communications were not stored on client's hard drive, and that client's representations about storage were "extremely suspect and likely untrue.")

Moreover, *In re Delta/AirTran Baggage Fee Antitrust Litig.*, the court awarded sanctions of attorney's fees under Rule 26(g) and Rule 37(b)(2) as counsel represented twenty times to the court that it had produced every responsive document and then produced 60,000 pages of documents responsive after the court deadline. F. Supp. 2d, 2012 WL 360509 (N.D. Ga. Feb. 3, 2012). Similarly, courts continue to find that certifications to opposing counsel and the Court that discovery production is complete followed by additional productions are grounds for sanctions. In *R & R Sails Inc. v. Ins. Co. of State of Pa.*, the court imposed Rule 26(g) sanctions where the defendant, without substantial justification, belatedly produced electronic information despite certifications to the court and the plaintiff that its discovery production was "complete." 251 F.R.D. 520, 524–25 (S.D.Cal.2008).

Here too, Defendants have repeatedly assured Plaintiffs and this Court that its discovery was complete, that Defendants had searched emails for responsive documents and that there were no further responsive documents or emails. In fact, Defendants were emphatic that, despite proof that emails existed, and assertions that SMC had not deleted any emails, there were no further responsive documents; including the originals of the screenshotted emails. Yet, on January 31,

7

2023, Defendants produced roughly 1,400 pages of documents, and conveniently omitted the documents that Plaintiffs attached to their motion, which were key documents during depositions.

"The Court does not demand that level of expertise, but it certainly expects—and the rules require—a reasonable understanding of ESI and the law relating to identifying, preserving, collecting, and producing ESI, in addition to good faith compliance by the parties and counsel." *DR Distributors, LLC*, 513 F. Supp. 3d at 866. Such conduct must be sanctioned because defendants admitted under oath that no document was ever deleted. (Brian Birk Tr, ECF No. 146-6 at 19:1-25; 20:1-25; 21:1-25; 26:6-25; 32:8-15; 34:11-20; 35:14-21; 45:11-15, 24-25; 47:10-12, 19-20.) Therefore, not only were Defendants discovery certifications in its responses faulty, but its conscious effort also to further certify in open court that no further documents would be produced even if ordered, is sanctionable conduct. Moreover, a monetary sanction should not be adjusted based on Defendants repeated argument that Smart Mortgage is a "small entity" as courts have still ordered discovery sanctions in similar instances. *Panwar v. Access Therapies, Inc.*, No. 1:12-cv-619-TWP-TAB, 2014 U.S. Dist. LEXIS 27507, at *18 (S.D. Ind. Jan. 29, 2014) (rejecting defendant's argument "that they are a small entity" and imposing sanctions of "reasonable fees and costs incurred in enforcing Defendants' discovery obligations" due to several "incomplete productions").

## **CONCLUSION**

For the reasons set forth above, Plaintiffs seek monetary sanctions against Defendants for costs and attorneys' fees associated with the discovery dispute related to production of the documents this Court compelled in its December 14, 2022 Order, as well as any remedial costs this Court deems just. In addition, Plaintiffs seek an Order that the screenshots of emails used at

8

the Birks' depositions in this matter may be used as evidence to support further motion practice and at trial, to the extent the originals were not produced.

| | |
|---|---|
| Date: May 12, 2023 | */s/ Arielle M. Stephenson*<br>Arielle M. Stephenson (*pro hac vice*)<br>Ari Karen (*pro hac vice*)<br>Katharine Thomas Batista (*pro hac vice*)<br>Mitchell Sandler LLC<br>1120 20th St, NW, Suite 725<br>Washington, DC 20036<br>202.886.5260 (telephone)<br>astephenson@mitchellsandler.com<br>akaren@mitchellsandler.com<br>kbatista@mitchellsandler.com<br><br>Nathan A. Hall (ARDC 6308423)<br>Stephan J. Hoffman (ARDC 6327888)<br>Christensen Hsu Sipes, LLP<br>224 S. Michigan Avenue, Suite 1300<br>Chicago, Illinois 60604<br>Tel: (312) 634-1014<br>Firm No.: 24219<br>nate@chs.law<br>stephan@chs.law<br><br>*Attorneys for Plaintiffs Brian Noe,*<br>*Eileen Pruitt, and Opt-In Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 12, 2023 a copy of the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSED MOTION FOR SANCTIONS OF ATTORNEYS' FEES AND COSTS AND MOTION TO DEEM EVIDENCE ADMISSABLE** was electronically filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division by using the Court's CM/ECF system.

I further certify that on May 12, 2023, all interested parties by their counsel of record, were electronically served on this date via the CM/ECF system.

*/s/ Arielle M. Stephenson*
Arielle M. Stephenson