IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN NOE & EILEEN PRUITT<br><br>Plaintiffs,<br><br>vs.<br><br>SMART MORTGAGE CENTERS, INC, RICHARD BIRK, & BRIAN BIRK<br><br>Defendants, | No. 21-cv-01668<br><br>Honorable Judge Nancy L. Maldonado<br><br>Magistrate Judge Sheila Finnegan |

**RESPONSE BRIEF IN OPPOSITION TO PLAINTIFFS'
MOTION FOR SANCTIONS AND MOTION TO DEEM EVIDENCE ADMISSIBLE**

Defendants Smart Mortgage Centers, Inc., hereafter "Smart Mortgage", Brian Birk, and Richard Birk submit this Response Brief in Opposition to Plaintiffs' Motion for Sanctions and Motion to Deem Evidence Admissible.

**INTRODUCTION**

Plaintiffs Brian Noe and Eileen Pruitt, "Noe" and "Pruitt" and opt-in Plaintiffs, filed their motion on May 15, 2023, nineteen days after an unsuccessful settlement conference between the parties and one hundred and fifty-two days after the Court granted Plaintiffs Motion to Compel Discovery on December 14, 2022. Plaintiffs spends the majority of their motion lodging personal attacks and bad faith claims against Defendants' Counsel, Smart Mortgage, Richard Birk, and Brian Birk but fail to provide any facts as to how their motion complied with the LR 37.2 requirements. Accordingly, Smart Mortgage, Richard Birk, and Brian Birk request that Plaintiffs' Motion for Sanctions for Attorneys' Fees and Costs and Motion to deem evidence admissible be denied in its entirety because Plaintiffs have not included a certification that the

movant has in good faith conferred or attempted to confer with Defendants' counsel in an effort to secure the disclosure or discovery without court action.

## STATEMENT OF FACTS

1. On December 8, 2021, Plaintiffs issued Requests for Production to Richard Birk and Brian Birk.

2. On January 13, 2022, Richard Birk and Brian Birk responded to Plaintiffs' Request for Production. See Plaintiffs' Exhibit B. Docket #146

3. In their response, Richard Birk and Brian Birk objected to producing documents that were the property of Smart Mortgage Centers, Inc. See Plaintiffs' Exhibit B. Docket #146

4. On April 5, 2022, Smart Mortgage tendered its initial responses to the Plaintiffs' duces tecum subpoena via Dropbox and continued to supplement its discovery up to and including January 31, 2023.

5. Prior to Richard Birk's and Brian Birk's September 29, 2022 depositions, Plaintiffs' conceded that Plaintiffs Counsel's March 24, 2022 letter is the last "meet and confer" correspondence from Plaintiffs' Counsel to Defendant' Counsel as to any concerns regarding Richard Birk's and Brian Birk's responses to their December 8, 2021 Requests for Production. See Plaintiffs' Motion to Compel Production of Documents at 8. See Docket No. 146.

6. However, Plaintiffs' omitted related email correspondence and Defendants' Amended Responses in both its Motion to Compel Production of Documents and Motion for Sanctions and Motion to Deem Evidence Admissible. See Exhibit A.

7. Smart Mortgage Centers, Inc. objected in good faith to the production of documents outside any applicable statute of limitations period and scope of the Plaintiffs' First Amended Complaint. See Exhibit A.

8. Plaintiffs referenced a ten-year statute of limitations period pursuant to 735 ILCS 5/13-206. See Exhibit A.

9. 735 ILCS 5/13-206 states in part: Ten-year limitation. Except as provided in Section 2-725 of the "Uniform Commercial Code", actions on bonds, promissory notes, bills of exchange, written leases, *written* contracts, or other evidences of indebtedness in writing and actions brought under the Illinois Wage Payment and Collection Act shall be commenced within 10 years next after the cause of action accrued.

10. It is undisputed that Plaintiffs did not attach a written agreement to their First Amended Complaint.

11. The Court found at the December 14, 2022 hearing that Plaintiffs' requests were not limited to a statute of limitations period and ordered Smart Mortgage Centers, Inc. to produce emails from January 1, 2011, the earliest employment year of any of the Plaintiffs with no award of the attorney fees and costs requested in Plaintiffs' Motion.

12. Smart Mortgage Centers, Inc. produced 1,349 responsive documents pursuant to the Court's order.

13. At no time prior to Plaintiffs' filing of their Motion for Sanctions and Motion to Deem Evidence Admissible on May 15, 2023 did Plaintiffs advise Defendants' Counsel as to any alleged document deficiencies as to this production.

# ARGUMENT

**A. Plaintiffs' Motion should not be heard because of their failure to comply with LR 37.2**

At issue is whether a motion for sanctions should be heard when the movant does not include a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's.

L.R. 37.2 states as follows: To curtail undue delay and expense in the administration of justice, this court shall hereafter refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation in person or by telephone and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

In the present case, Plaintiffs not only do not comply with L.R. 37.2 but Plaintiffs made no effort to informally resolve their dispute prior to filing their motion on May 15, 2023. On this basis alone, Plaintiffs' motion should be denied.

**B. Smart Mortgage Centers, Inc. objected in good faith to the production of documents pursuant to Plaintiffs December 8, 2021 requests.**

At issue is whether a party's good faith objection to production of document is substantially justified or harmless when there is no showing that the proceedings were disrupted, that the

requestor was prejudiced, and that the objection to produce the documents beyond the scope of and the statute of limitations of the Plaintiffs First Amended Complaint was not reasonable.

To determine whether a discovery failure is substantially justified or harmless, the court considers: (1) the prejudice to the party against whom the improperly undisclosed evidence is or would be offered; (2) the ability of the violating party to cure the prejudice; (3) the likelihood of disruption of the proceedings; (4) and the bad faith or willfulness involved in not disclosing the evidence earlier. *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019).

In the present case, Plaintiffs implicitly concede in their motion that they were not prejudiced or that the proceedings were not disrupted when they state in footnote 1 that they did not wish to file this motion while negotiations were ongoing out of concern that they would negatively impact discussions. See Plaintiffs Motion, Footnote 1. Plaintiffs further assert that their motion is now ripe and litigation is proceeding but do not explain why their motion would be ripe more than one hundred and fifty-two days after the Court granted their Motion to Compel. See Plaintiffs Motion, Footnote 1. Here, it is undisputed that none of Plaintiffs attached their employment contracts with Smart Mortgage or referenced the existence of their employment contracts with Smart Mortgage in any of their allegations against Smart Mortgage, Richard Birk, or Brian Birk to provide a basis for a ten-year statute of limitations for their IWPCA claims. 735 ILCS 5/13-206. To that extent, a reasonable interpretation of Plaintiffs' December 8, 2021 requests for production to Richard Birk, Brian Birk, and Smart Mortgage that do not reference a specific time period would be that the requests are controlled by a five-year limitation for an oral contract to an IWPCA claim. *Clark v. Western Union Telegraph Co.*, 141 Ill.App.3d 174, (1st Dist. 1986). It is undisputed that any 2015 emails or any emails prior to 2015 would be beyond the five-year limitation period and not responsive to Plaintiffs' request. To that extent, Smart

Mortgage's objection to produce documents beyond the statute of limitations was substantially justified pursuant to the *Uncommon, LLC v. Spigen, Inc*., 926 F.3d 409, 417 (7th Cir. 2019).

Notably, the Court later ordered that the temporal scope of the search shall cover 2011 through the present, beginning with the earliest date of employment of a plaintiff in this case without an award of attorney fees or costs. See Docket No. 160. In response to the Court's December 14, 2023 Order, Smart Mortgage Centers, Inc. produced 1,349 responsive documents. Plaintiffs' personal attacks on Defendants' counsel and musings as to the bad faith do not reflect the extraordinary amount of time and effort expended by Smart Mortgage Centers, Inc. and its counsel to respond in good faith to Plaintiffs' large volume discovery requests. A single custodian of record charged with searching eleven years of company records is a significant undertaking but even more so for an employee with multiple responsibilities and obligations related to the company's business operations.

**C. Plaintiffs cite no case law that a Court should rule on the admissibility of evidence at this stage of proceedings.**

In the present case, Plaintiffs may have the opportunity to present evidence at trial for any surviving claims at which time the Court would decide whether the evidence presented is admissible. Further, the Court could either decide or defer a ruling on the admissibility of evidence in response to a parties' Motion in Limine. There is no current Motion in Limine pending before the Court at this time. Plaintiffs do not cite and cannot cite a single case in the Seventh Circuit in which a Court would decide the admissibility of evidence based upon Plaintiffs' novel Motion to Deem Evidence admissible.

## **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Sanctions and Motion to Deem Evidence admissible in its entirety and award

Defendants reasonable attorney fees for responding to Plaintiffs' motion that was filed in contravention of LR 37.2. Not only did Plaintiffs fail to attach a "meet and confer" certification as required by LR 37.2 but Plaintiffs made no attempt to resolve their discovery dispute informally. Defendants first learned of the alleged deficiencies raised in Plaintiffs' motion *after* Plaintiffs' filed their motion on May 15, 2023 in violation of the rule and spirit of L.R. 37.2. Defendants will affirmatively take efforts to cure any alleged discovery deficiencies as soon as possible.

    For the Defendants
    Smart Mortgage Centers, Inc.,
    Brian Birk, and Richard Birk.

    By their attorney,
    s/Wilton A. Person

    _____
    Wilton A. Person

ARDC # 6290441
Wilton A. Person
Attorney for Defendants
24330 Leski Lane
Plainfield, Illinois 60585
(815) 254-2467
wperson@personlaw.com