UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| BRIAN NOE <br><br> and <br><br> EILEEN PRUITT <br><br> on behalf of themselves and all other similarly situated, <br><br> Plaintiffs, <br><br> -against- <br><br> SMART MORTGAGE CENTERS, INC. and <br><br> RICHARD BIRK, <br><br> and <br><br> BRIAN BIRK, <br><br> Defendants. | Case No.: 1:21-cv-01668 <br><br> Honorable Nancy L. Maldonado |

**PLAINTIFFS' REPLY IN SUPPORT OF ITS OPPOSED MOTION FOR SANCTIONS OF ATTORNEYS' FEES AND COSTS AND MOTION TO DEEM EVIDENCE ADMISSABLE**

Plaintiffs Brian Noe and Eileen Pruitt, as well as opt-in plaintiffs (together, "Plaintiffs"), by and through undersigned counsel submit this reply in support of their Motion for Sanctions of Attorneys' Fees and Costs and Motion to Deem Evidence Admissible ("Motion"), ECF No. 204.

**LEGAL ARGUMENT**

Sanctions are warranted against Defendants for their knowing conduct in failing to produce relevant and responsive documents, misrepresentations and lies to Plaintiffs and this Court, and are reasonable due to the nature of Defendants' conduct. Defendants' opposition ("Opp'n"), ECF No. 211, entirely fails to respond to Plaintiffs' legal arguments, including Plaintiffs' arguments as

1

to why Federal Rules of Civil Procedure 26(g) and 37(b)(2) warrant sanctions. Indeed, Rule 26(g) is a *mandatory* sanction and thus Defendants' failure to respond should be deemed waived.

I. **Discovery Sanctions Are Warranted**

A. **No Meet and Confer is Required and Defendants Wrongfully Apply the Local Rules**

Defendants wrongly assert that Local Rule 37.2 bars the Court's ability to hear this motion because Plaintiffs did not meet and confer prior to the filing of the motion. Opp'n at 4. Tellingly, Defendants cite no case for this proposition. In fact, this Court has held that the meet and confer requirement of Rule 37.2 does not apply to a motion for sanctions because:

> In order to trigger the meet and confer requirement, the motion in question must: 1) be filed pursuant to Federal Rules of Civil Procedure 26 through 37, and 2) be "for discovery and production of documents." Although the current motion [for sanctions] is filed pursuant to Rule 37, it is a motion for sanctions, not a motion for "discovery and production of documents." As such, Local Rule 37.2 is not applicable to this motion, and [the moving party] was not required to meet and confer [] before bringing a motion for sanctions.

*Toyo Tire & Rubber Co. v. Atturo Tire Corp.*, No. 14 C 206, 2016 WL 11752907, at *3 (N.D. Ill. May 27, 2016), *report and recommendation adopted*, 2017 WL 784990 (N.D. Ill. Feb. 8, 2017); *see also Data Mgmt. Ass'n Int'l, LLC v. Enter. Warehousing Sols.*, Inc., No. 20 C 4711, 2022 WL 17538307, at *1 (N.D. Ill. Aug. 10, 2022). Thus, this argument is without merit.

B. **Defendants' Conduct Warrants Sanctions**

In reviewing the factors identified in determining whether a discovery failure is substantially justified or harmless, Defendant sets forth the test applied in *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019). Those factors include "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not

disclosing the evidence at an earlier date." Yet, the cases cited by Plaintiffs in their motion already address these factors and why they support sanctions. First, prejudice is not applicable here as this is not a situation where a party failed to produce documents that it later used against another party. Rather, the only potential prejudice was to Plaintiffs in having to engage in discovery battles, use less clear evidence during depositions and spent money on motion practice. Moreover, there is no prejudice to Defendants because they were in possession of the documents at issue.

Second, Defendants have had ample time to cure the issue, which they have failed to do following this Court's motion to compel and extensive conversations regarding the discovery. While the trial will not be disrupted by the failure to produce, it would be more efficient if Plaintiffs did not have to explain to a jury why they have screenshots rather than exact emails themselves. Further, the depositions would have been smoother and less confusing if Plaintiffs had the actual emails to use as exhibits. Finally, there is clear bad faith in Defendants' failure to provide the evidence, namely asserting that no further documents would be retrieved and then later producing over a thousand pages of documents.

Further, Defendants clearly acted in bad faith in failing to disclose the documents and communications. It is not relevant that Defendants assumed they had a valid objection to the time period of discovery. This defense does not make sense because even if there was a dispute as to the relevant period, the documents requested were not created during the disputed time and Defendants could have produced all documents they believed were not time barred. Further, when Plaintiffs asked for all written communication related to a Plaintiffs' commission, Defendants did not object on this basis, or any other.[1] Defendants cannot backfill that objection as a defense now.

---

[1] Plaintiffs Request for Production No. 13 asks for "All written communications between Defendants and Plaintiffs concerning [] compensation; [] calculation of commissions." ECF No 146-1. Defendants' Response was: "None." ECF 146-2, 146-3.

Further, Defendants merely assert that they spent an extraordinary amount of time and sought to respond in good faith to the requests. Yet, good faith is lacking, evidenced by the failure to produce the emails attached as screenshots to Plaintiff's motion to compel.

The legal authority cited by Plaintiffs in their motion is instructive here, which Defendants failed to engage with in their response. Cases confirm unnecessary burden on the moving party and the Court warrants monetary fines. *DR Distributors, LLC v. 21 Century Smoking, Inc*., 513 F. Supp. 3d 839, 864 (N.D. Ill. 2021) (imposing monetary fine); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 286-87 (E.D.N.Y. 2009) (same); *Nat'l Ass'n of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 558 (N.D. Cal. 1987) (imposing fine because of burden on court). Moreover, Courts faced with similar situations, where a party has represented that it has no further documents, and then produces a voluminous amount following a motion to compel, have found attorneys' fees appropriate under Rule 26(g) and Rule 37(b)(2). *See e.g.*, Moreover, *In re Delta/AirTran Baggage Fee Antitrust Litig.*, F. Supp. 2d, 2012 WL 360509 (N.D. Ga. Feb. 3, 2012); *R & R Sails Inc. v. Ins. Co. of State of Pa.*, F.R.D. 520, 524–25 (S.D.Cal.2008) (Rule 26(g) sanctions proper after certifying production is complete).

The Court "expects—and the rules require—a reasonable understanding of ESI and the law relating to identifying, preserving, collecting, and producing ESI, in addition to good faith compliance by the parties and counsel." *DR Distributors, LLC*, 513 F. Supp. 3d at 866. Defendants have failed to identify and produce all of the necessary and required ESI after omitting the documents that Plaintiffs attached to their motion to compel in their last production. In sum, Defendants' discovery certifications in their responses were false, their certifications in open court that no further documents would be produced even if ordered were false, and their failure to

produce key documents requested by Plaintiffs after being ordered to do so, is sanctionable conduct.

> II. **The Court Should Order the Documents Attached to Plaintiffs' Motion to Compel and Not Produced Natively Be Deemed Admissible**

An order that the screenshots attached to Plaintiffs' motion to compel, for which the original emails have not been produced, is appropriate. Plaintiffs' Motion was brought under Fed. R. Civ. Proc. 26(g) and 37(b). *See generally* Motion. Indeed, Fed. R. Civ. Proc. 37(b) permits a Court to issue "further just orders" if a party fails to obey an order to provide discovery, including "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims." Fed. R. Civ. Proc. 37(b)(2)(A)(i). Here, it is certainly a just order, given Defendants' inability to comply with the Court's prior Order. Such authority is clearly within the Court's power and the Defendants make no further arguments except that such issue should be delayed until a motion in limine. However, Rule 37 permits the Court to issue such an order at any time, and there is no time limitation. Thus, Plaintiffs are entitled to such an order in connection with this Motion.

## CONCLUSION

For the reasons set forth above, Plaintiffs seek reasonable monetary sanctions against Defendants for costs and attorneys' fees associated with the discovery dispute related to production of the emails previously compelled as well as any remedial costs this Court deems just. In addition, Plaintiffs seek an Order that the screenshots of emails used at the Birks' depositions in this matter may be used as evidence to support further motion practice and at trial, to the extent the originals were not produced.

5

| | |
|---|---|
| Date: May 25, 2023 | */s/ Katharine Thomas Batista*<br>Katharine Thomas Batista (*pro hac vice*)<br>Arielle M. Stephenson (*pro hac vice*)<br>Ari Karen (*pro hac vice*)<br>Mitchell Sandler LLC<br>1120 20th St, NW, Suite 725<br>Washington, DC 20036<br>202.886.5260 (telephone)<br>kbatista@mitchellsandler.com<br>akaren@mitchellsandler.com<br>astephenson@mitchellsandler.com<br><br>Nathan A. Hall (ARDC 6308423)<br>Stephan J. Hoffman (ARDC 6327888)<br>Christensen Hsu Sipes, LLP<br>224 S. Michigan Avenue, Suite 1300<br>Chicago, Illinois 60604<br>Tel: (312) 634-1014<br>Firm No.: 24219<br>nate@chs.law<br>stephan@chs.law<br><br>*Attorneys for Plaintiffs Brian Noe, Eileen Pruitt, and Opt-In Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on May 25, 2023 a copy of the foregoing **PLAINTIFFS' REPLY IN SUPPORT OF ITS OPPOSED MOTION FOR SANCTIONS OF ATTORNEYS' FEES AND COSTS AND MOTION TO DEEM EVIDENCE ADMISSABLE** was electronically filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division by using the Court's CM/ECF system.

I further certify that on May 25, 2023, all interested parties by their counsel of record, were electronically served on this date via the CM/ECF system.

*/s/ Katharine Thomas Batista*
Katharine Thomas Batista