UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRIAN NOE *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD BIRK and BRIAN BIRK, *et al.*,<br><br>Defendants. | No. 1:21-CV-01668<br><br>Honorable Edmond E. Chang |

### ORDER

This order accompanies Court Set 3 of the revised jury instructions, which edited the instructions to reflect the decisions at the in-trial jury instructions conference and to address the time period for damages.

On review of the Plaintiffs' brief on the limitations period, R. 325, and the overall record (the Defendants did not file anything after the trial day, even though given the chance to do so ), the jury instructions will refer to March 26, 2021, as the pertinent date for the statute of limitations. But the Plaintiffs' first argument on this point is rejected: the Plaintiffs cite to a Northern District Court link addressing FLSA statute of limitations and characterize the link as "the Court's directive on this issue …." R. 325 at 2 and n.1. But that is not this judge's case management procedure, nor does that directive appear in the first-assigned judge's procedure (Judge Shah), at least his current one. The brief does not say where this link came from. As far as this Court can tell, it appears to be one of Judge Jenkins' case management procedures. So when the Plaintiffs say that "it was reasonably understood, pursuant to this Court's directive, to be in agreement" on tolling, R. 325 at 3, the Plaintiffs come perilously close to misrepresenting that they actually formed an understanding about tolling based on a directive that did not apply to this case.

It is also wrong to suggest that the case management procedure, even if it applied, puts the entire burden of addressing the tolling issue on defendants in FLSA

cases. R. 325 at 3 (tolling issue "was not addressed by Defendants at the initial status conference or any subsequent hearing based on the case docket"). The directive places an obligation on both sides: "The *parties* should indicate any questions or points of disagreement regarding tolling in the joint status report and come to the initial status conference prepared to discuss those issues." R. 325 at 2 (emphasis added). Indeed, the directive operates, by emphasizing the need for speed, on an assumption that the filing of the lawsuit does *not* automatically toll the limitations period for not-yet-opt-in employees. This is consistent with this Court's holding in *Calloway v. AT&T*, 419 F. Supp.3d 1031, 1034–37 (N.D. Ill. 2019), which explained why the text of 29 U.S.C. § 256 instructs that the action is not "commenced" for opt-ins until they file the written consent. 29 U.S.C. § 256 ("If such written consent was not so filed or if his name did not so appear—on the subsequent date on which such written consent is filed in the court in which the action was commenced"). (The Seventh Circuit has not yet decided the issue.) In any event, of course no conferral about tolling happened under the directive—because the directive did not apply. Not surprisingly, *neither* side addressed tolling in the initial status report. R. 51.

The better argument advanced by the Plaintiffs is that the Defendants have not proposed any different potential start date for the limitations period other than one pegged to the date of the lawsuit's filing, March 26, 2021. In summary judgment briefing, the Plaintiffs described the three-year date as March 26, 2018, R. 153-1 at 6, that is, three years before the lawsuit's filing on March 26, 2021. In response, the Defendants argued only that the limitations period was two years, not three years, but the Defendants did not say anything about the potential start date of March 26, 2021. R. 169 at 12.

Nor did the Defendants raise this issue during the preparation of the proposed pretrial order, during the pretrial conference, or afterwards. Indeed, in the proposed pretrial order, although the Plaintiffs' damages calculations did not explicitly set forth March 26, 2018, the damages charts referred to "04/2018" when describing the time period for the Illinois Minimum Wage law's monthly penalty of 5%, R. 297 at 13–15, which coincides with a three-year period, 820 ILCS 105/12(a), working backward from March 26, 2021.[1] The Defendants raised issue about the start date in response to the damages charts. (The Court raised this point when reviewing the

---

[1] It appears that some of the demonstrative exhibits used during some of the Plaintiffs' trial testimony on damages went back earlier than March 26, 2018. It is not clear what basis there is to do so.

2

proposed instructions' amorphous references to "two years" or "three years" for the damages period without an actual *start* date from which to work backwards. R. 297 at 64.) And the Defendants have not filed anything on this point after the trial day (as invited by the Court). It is not appropriate to make arguments on behalf of the Defendants on an issue that has not been resolved by the Seventh Circuit.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: May 20, 2025