BRIAN NOE AND EILEEN PRUITT,

Plaintiff,

vs.                                                          Case No.:     1:21-cv-01668

SMART MORTGAGE CENTERS, INC., RICHARD BIRK
AND BRIAN BIRK,

Defendant.

## RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION
## FOR SUMMARY JUDGMENT

Now come the Defendants, SMART MORTGAGE CENTERS, INC., RICHARD BIRK,

and BRIAN BIRK, by their attorneys, KGG LLC, and for their Response in Opposition to

Plaintiff's Motion for Summary Judgment, state as follows:

**A. Plaintiff's Motion for Summary Judgment Should be Denied based on Prior Rulings
Limiting Future Summary Judgment Motions.**

1.      Judge Malcano set a deadline requiring motions for summary judgment to be filed

by November 30, 2022. ECF # 133; ECF # 221, p. 5. This Court notes in its Memorandum

Opinion and Order, dated September 29, 2024, that plaintiffs moved to strike defendants' prior

Motion for Summary Judgment, stating that, "[s]uch piecemeal litigation is contrary to judicial

efficiency, [and] increases costs unnecessarily for Plaintiffs." ECF # 239, p. 3. The

Memorandum Opinion and Order also notes that defendants had been warned that the Court

ordinarily allows only one motion for summary judgment. *Id.*

2.      This Court found that plaintiff's last motion for summary (filed on November 30,

2022; ECF # 153) sought individual liability under the FLSA but did not address individual

liability on the purported Illinois law clams.  ECF # 308.

1346100                                        1

3. The current MSJ is beyond Judge Malcano's deadline of November 30, 2022. Plaintiffs chose to discuss only FLSA liability in its MSJ dated November 30, 2022. Plaintiffs are in violation of the "one motion for summary judgment rule" previously discussed. The MSJ should be denied as contrary to the earlier orders limiting motions for summary judgment, which apply equally to plaintiffs and defendants.

**B. Plaintiffs have Forfeited their Claims under the Illinois Wage Payment and Collection Act.**

4. First, plaintiffs forfeited their claim against Richard Birk and Brian Birk under the Illinois Wage Payment and Collection Act by failing to plead individual liability. This Court found, "plaintiffs did not even allege individual liability under the Illinois Wage Payment and Collection Act." ECF # 308. Further, "the Defendants have not had an opportunity to address the issue." *Id*. Plaintiffs did not contest this finding; did not attempt to amend their complaint (although defendants would object to such a late request); and completely failed to address it in the current MSJ.

5. A claim must be pleaded or it will be considered forfeited. *Venters v. City of Delphi*, 123 F.3d 956, 968 (7th Cir. 1997). Any further attempt by plaintiffs to recover under the Illinois Wage Payment and Collection Act must be rejected as forfeited.

6. Moreover, defendants did not concede, as argued by plaintiffs, at p. 8 of the MSJ, that the 10-year statute of limitations applies under the IWPCA since the claim was never pleaded and was not raised in the prior MSJ. For the same reasons, defendants did not concede that they were covered by the IWPCA, as plaintiffs submit on p. 8 of the MSJ. They conceded nothing under the IMWL because it was not raised in plaintiffs' previous Motion for Summary Judgment.

**C. Plaintiffs have Forfeited all Illinois Claims by Failing to and Being Unable to Proceed to Trial on them.**

7.  Plaintiffs proceeded to trial in May 2025 on their FSLA claims (ESF #335) after this Court determined that, "the Illinois wage laws might not be properly part of the upcoming trial." (ECF #308.) Again, plaintiffs did not contest this finding but simply assume that those claims are still alive even after trial. Plaintiffs fail to articulate how the Illinois claims survive the trial on the FSLA.

8.  By proceeding to trial under the FSLA, plaintiffs waived the purported Illinois claims.

9.  Plaintiffs never sought a separate trial for the Illinois claims under Federal Rule of Civil Procedure 42(b), which provides, "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Plaintiffs, therefore, forfeited the remaining claims by failing to preserve a right to trial on the Illinois claims.

10.  Even if they had sought a separate trial because plaintiffs were unprepared for trial on the Illinois claims in May 2025, it would not result in convenience, would not avoid prejudice, and would not expedite or economize the proceedings, contrary to Rule 42(b).

11.  A single trial tends to lessen the delay, expense, and inconvenience to all concerned, and the courts have emphasized that separate trials should not be ordered unless such a disposition is clearly necessary. *Compagnie Francaise d'Assurance Pour le Commerce Exterieur v. Phillips Petroleum Co.*, 105 FRD 16, 36 (S.D. New York 1984.) The most critical factor to consider is the degree to which the issues to be tried separately overlap. *Id.* at 37.

12. The issues overlap here to the point that plaintiffs claim that result of the FSLA trial controls the resolution of the purported Illinois claims. Under these circumstances, a separate trial cannot be permitted.

13. Defendants, Richard Birk and Brian Birk, would be prejudiced by allowing a separate trial on the Illinois claims. A single jury should have considered all of the claims because there was multiple potential liabilities under the statutes, including liquidated damages awarded by the jury under the FLSA and the possibility of treble damages under the IMWL. The jury should have decided the total liability against the Birks; it may have limited the total amount of the verdict and liquidated damages if it understood the extent of the damages sought by plaintiffs under the various statues.

14. All of plaintiffs' claims should have been tried together, as initially anticipated by this Court. ECF # 308. A second trial would only prolong the proceedings and costs for the defendants, including attorney's fees, to their prejudice. Another trial on the Illinois claims would be contrary to Rule 42, judicial economy, and the basic structure that all claims should generally be tried in one case before one finder of fact. Successive trials on the same set of facts are not permitted. The claims under Illinois law are forfeited.

**D. Alternatively, *Res Judicata* Does Not Bar Defendants' Right to Trial on the Illinois Claims A requirement for the application of *res judicata* includes a final judgment on the merits, which there is not.**

15. Plaintiffs' own MSJ, in setting forth the elements for the application of *res judicata*, lists the element, "the determination of the issue must have been essential to the final judgment." (p. 10). Plaintiffs did not address the requirement of a final judgment in its MSJ.

16. There is no final judgment. The Court did not enter judgment at her trial (ECS #336.). Even if it had, it would not be a final judgment. A Motion for New Trial is pending. The argument that the first trial has *res judicata* effect must be summarily rejected.

1346100         4

**E. Alternatively, in the Event that the Court reaches the issues of Damages, Plaintiffs' Calculations of Damages are Incorrect.**

17. Plaintiffs' calculations of damages are incorrect, raising a question of fact. Each plaintiff seeks an underpayment penalty under the IWPCA (820 ILCS § 105/12) equal to five percent. (pp. 12, 13, 14, 17, 19 of MSJ.)

18. The complaint was filed on March 26, 2021. ECF # 1. Pursuant to 2021 Ill. Legis. Serv. P.A. 102-50 (H.B. 118), §115/14 of the IWPCA was amended on July 9, 2021, which was effective on July 9, 2021, changing the underpayment penalty from two percent to five percent. Thus, on the date of filing of the complaint, the penalty was two percent and not five percent as sought by plaintiffs.

19. In Illinois, the legislature has clearly indicated the temporal reach of every amended statute because it has adopted a statute, 5 ILCS 70/4 (the Statute on Statutes), that generally bars the retroactive application of substantive statutory amendments. *In Re Resource Technology Corp.*, 444 B.R. 401, 407-408 (2011); affd. 721 F. 3d 796. *See* 820 ILCS 115/20 (Any substantive changes compared to prior law affected by this Amendatory Act (dated August 1, 2025) *** shall be applied prospectively only.) Thus, the five percent penalty has prospective application only starting on July 9, 2021.

20. Pruitt ended her employment with Smart Mortgage in February 2020. (MSJ, p. 13.) Platt's employment ended in January 2019. (MSJ, p. 16.) Holland's ended on December 31, 2018. (MSJ, p17.) Jno-Lewis ended her employment in 2018. (MSJ, p. 18.) Kliac ended his employment on August 6, 2021. (MSJ p. 14.) If the IWPCA claim were allowed, therefore, only Kliac is entitled to a five percent penalty and only for 28 days between July 9, 2021 and August 6, 2021. Plaintiff incorrectly calculated these damages and summary judgment should be denied.

21. The calculations improperly assume *res judicata* effect of the FSLA trial, as argued above, and should be rejected.

WHEREFORE, the Defendants, SMART MORTGAGE CENTERS, INC., RICHARD BIRK, and BRIAN BIRK, by their attorneys, KGG LLC, seek entry of an Order denying Plaintiff's Motion for Summary Judgment

<div style="margin-left: 45%;">

SMART MORTGAGE CENTERS, INC.,
RICHARD BIRK and BRIAN BIRK, Defendants

KGG LLC

BY: /s/ Pamela Davis Gorcowski

</div>

Pamela Davis Gorcowski ARDC #06180497
KGG, LLC
111 North Ottawa Street
Joliet, Illinois 60432
(815) 727-4511
pgorcowski@kggllc.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2025, I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

KGG LLC

By: /s/ Pamela Davis Gorcowski
One of the Attorneys for Defendants