| | |
|---|---|
| Brian Noe, Eileen Pruitt, Stephanie Pichardo, Shian Jno-Lewis, Alan Platt, Ryan Klaic, Michelle McCue, and Jose Morales, | |
| Plaintiffs, | No. 1:21-CV-01668 |
| v. | Judge Edmond E. Chang |
| Smart Mortgage Centers, Inc., Richard Birk, and Brian Birk, | |
| Defendants. | |

## ORDER

After a three-day jury trial, the jury returned a verdict finding Defendant Richard Birk individually liable for violations of the Fair Labor Standards Act; finding Defendants Brian and Richard Birk both acted willfully in violating the Act; and finding several Plaintiffs were entitled to various measures of monetary damages.[1] R. 336, Jury Verdict.[2] The Birks, who have proceeded *pro se* for some of the litigation, including the jury trial, believe that counsel for the Plaintiffs asked an inadmissible question during trial that unfairly damaged the Birks's credibility in the eyes of the jury and thus prejudiced them, so they now move for a new trial.[3] R. 340, Indiv. Defs.' Mot.

---

[1]This Court has federal question jurisdiction of the federal claim under 28 U.S.C. § 1331, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

[2]Citations to the record are "R." followed by the docket entry number and, if needed, a page or paragraph number.

[3]Based on an email from Brian Birk, the Court previously stated that it would treat R. 340 as the operative motion for a new trial while terminating a similar filing, R. 339. *See* R. 341, 06/13/25 Minute Entry. Although the operative motion is signed by only Richard Birk, the Court recognizes that subsequent documents on this issue were jointly filed by both Birks. *See* R. 342, Indiv. Defs.' Supp.; R. 354-1, Indiv. Defs.' Reply. Mindful of the Birks' pro se

A motion for a new trial can be granted only "if the jury's verdict is against the manifest weight of the evidence or if the trial was in some way unfair to the moving party." *Bowers v. Dart*, 1 F.4th 513, 521 (7th Cir. 2021) (cleaned up).[4] In reviewing a motion for a new trial, "the district court has the power to get a general sense of the weight of the evidence, assessing the credibility of the witnesses and the comparative strength of the facts put forth at trial." *Galvan v. Norbert*, 678 F.3d 581, 588 (7th Cir. 2012) (cleaned up). This power to consider the weight of the evidence, however, "is not unlimited: a certain deference to the jury's conclusions is appropriate." *Id.* (cleaned up). The district court is "bound to the same evidence the jury considered," and it "cannot remove a piece of evidence from the calculus merely because the court believes it was not credible and then, with that piece excluded, grant a motion for a new trial because the verdict is now against the weight." *Id.* (cleaned up). Rather, the district court must generally weigh all the evidence presented at trial and determine whether the verdict is contrary to the evidence's manifest weight. *See Whitehead v. Bond*, 680 F.3d 919, 929 (7th Cir. 2012) (emphasizing that the district court properly relied on "all the evidence" and applied the proper standard).

When recross-examining Brian Birk, counsel for the Plaintiffs asked Brian Birk if he had "ever been convicted of a federal crime." Indiv. Defs.' Mot., Exh. A, 05/20/25 Jury Trial Tr. Excerpt at 2:20.[5] After Brian Birk asked for clarification of the question and did *not* object, he answered, "I have." *Id.* at 2:21–:23. The Court then—on its own—called for a sidebar and determined that the question was impermissible under Evidence Rule 609(b) because Brian Birk's conviction and sentence were imposed more than 10 years ago and because the Plaintiffs' counsel had not given the Birks any notice of intent to use the conviction. *Id.* at 2:24–5:12. The Court thus instructed to jury to disregard the question and answer. *Id.* at 7:5–:6. The Birks argue that, despite the curative instruction, Brian Birk (and by association, Richard

---

status and their inability to represent one another, the Court thus liberally construes the initial, operative motion as filed jointly too.

[4]This Opinion uses (cleaned up) to indicate that internal quotation marks, alterations, and citations have been omitted from quotations. *See* Jack Metzler, *Cleaning Up Quotations*, 18 Journal of Appellate Practice and Process 143 (2017).

[5]The Birks' Exhibit A in the same document as the motion for a new trial, R. 340. The Court cites to the transcript excerpt using the transcript's pagination and notes that, although the excerpt states that the testimony occurred on June 20, 2025, the events actually took place on May 20. *See also* R. 334, 05/20/25 Minute Entry.

Birk) lost any credibility in the jury's eyes, so a new trial is warranted. Indiv. Defs.' Mot at 4–5; Indiv. Defs.' Reply at 1–5.

The Birks do not meet their burden to show that a new trial is warranted. The Birks generally contend that the question posed to Brian Birk violated Rule 609(b) and was so inflammatory that it stained their credibility. But the manifest weight of the evidence supported the jury's verdict: each Plaintiff who went to trial credibly testified on each issue submitted to the jury. This substantial evidence was also accompanied by the Court's immediate, curative instruction that the jury disregard the question and answer, as well as the Court's later, additional instruction not to consider any stricken testimony, *see* R. 326, Third Revised Jury Instructions at 5. Under those circumstances, a new trial is not justified. *United States v. Phillips*, 375 F.2d 75, 81 (7th Cir. 1967); *see also Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (presuming that jury will follow instruction to disregard inadmissible evidence). And there is no "strong likelihood that the effect of the evidence would be devastating," *Greer*, 483 U.S. at 766 n.8 (cleaned up), because the question and answer were limited: the jury did not learn whether Brian Birk was convicted of a felony or misdemeanor or even what the nature of his offense was. So even if the evidence put on at trial presented a closer case, the question was limited enough that a curative instruction sufficed to minimize any prejudice.

The Birks also argue that a new trial is warranted by repeating arbitration-related arguments and by complaining about the bifurcation of the trial. Indiv. Defs.' Supp. at 2–5. Even if those arguments were appropriate for consideration in a motion for a new trial, the Court has already considered and rejected the Birks' arguments on both fronts. R. 29, 09/21/21 Opinion Denying Mot. to Compel Arbitration; R. 285, 04/03/25 Minute Entry Granting Mot. to Bifurcate Trial. And in any event, the Birks point to nothing else that happened at trial that would demonstrate that a new trial is needed, that arbitration was incorrectly denied, or that bifurcation was an erroneous decision.[6]

---

[6]For the sake of completeness, the Court also acknowledges an argument that the Birks made in R. 339, which was stricken, and did not renew in R. 340: that the Plaintiffs' counsel should be sanctioned. R. 339, Stricken Mot. at 4. Even liberally construing the Birks' operative motion as incorporating that argument, the Court declines to impose sanctions. Counsel's question did not mention the nature of Brian Birk's conviction, and counsel's actions and conduct at trial demonstrated a possibly inept understanding of the evidentiary rules, but not bad-faith intent.

The Court denies the motion for a new trial, R. 340.

ENTERED:

s/Edmond E. Chang
Honorable Edmond E. Chang
United States District Judge

DATE: March 26, 2026